UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MARY MADISON, ) | |
| ) | |
|     Petitioner-Complainant, ) | Docketing Statement |
| V. ) | |
| ) | No. 18-1800 |
| LABR, ) | |
| ) | |
| ) | |
|     Respondent. ) | |

<u>PETITIONER'S DOCKETING STATEMENT</u>

Petitioner, Mary Madison respectfully submits this docketing statement pursuant to Circuit Rules 3(c)(1) and 28(a).

**I.     Appellate Court Jurisdiction**

1.     Jurisdiction of this appeal arises from the timely filing of a Petition for Review filed on April 16, 2018 pursuant to 21 U.S.C. §399d(b)(5)(A), Food, Drug and Cosmetic Act as amended, §§402 and 1013 entitled "Employee Protections" of the Food Safety Modernization Act (FSMA) and 29 CFR 1987.110(a)(b)(c) and 29 CFR 1987.112 of the Procedures for Handling Retaliation Complaints under §402 of the FDA Food Safety Modernization Act within 60 days of the Secretary's decision entered on February 15, 2018 and the Federal Rule of Appellate Procedure 15.

**II.     Orders Requested to be Reviewed and Relief Sought**

2.     Petitioner, Mary Madison request that the Court review the decisions of the Secretary of Labor as delegated to the Administrative Review Board in its "Order Denying Motion for Reconsideration" dated March 9, 2018; its "Final Decision and Order Dismissing Appeal" entered on February 15, 2018 in the case of Madison v. Kenco Logistics, ARB Case No. 18-018; ALJ Case No. 2016-FDA-004 and its "Decision and Order Granting Respondent's Motion for Summary Decision on Reconsideration, Canceling Hearing and Dismissing Claim" issued November 22, 2017 Case No. 2016-FDA-00004.

3.     Petitioner, Mary Madison further requests that the Court determine that service of the Order of

November 22, 2017 upon Madison was defective pursuant to 29 C.F.R. 18.30(a)(2)(i)(ii)(C)(E) and 29 C.F.R. 18.32(c) and that her Petition for Review filed with the Administrative Review Board (ARB) of the Department of Labor was timely in the case of Madison v. Kenco Logistics, ARB Case No. 18-018.

4.     Additionally, Petitioner, Mary Madison seeks the vacation of the order of November 22, 2017 issued by Administrative Law Judge, John P. Sellers granting the Respondent, Kenco Logistics, Motion for Summary Decision in the case of Madison v. Kenco Logistics, ALJ Case No. 2016-FDA-004 and the remandment of the matter to the Respondent for an Administrative Law Judge, either Judge Sellers ("the ALJ") or for the random assignment to another ALJ for a hearing on the merits of Petitioner's claim.

III.    **Summary of Probable Issues for Review**

5.     Whether the ALJ in granting Kenco Logistics' (hereafter "Kenco"), Motion for Summary Decision failed to consider evidence of the actions that Petitioner-Complainant took relative to her "reasonable belief" that she engaged in protected activity and whether the ALJ failed to give such evidence submitted in Petitioner-Complainant's affidavit and that of her witnesses the appropriate weight in evaluating whether her engagement in such activities was a "contributing factor" in the adverse employment decision against her in making the finding that there was no genuine issue of material fact as to whether Petitioner-Complainant's protected activity was a contributing factor in her discharge in that he did not assess the reasonableness of Petitioner-Complainant's belief that Kenco engaged in unlawful conduct. *Chase Brothers v. International Food Corp. 3 F. Supp. 3d 49*, citing, *Casalino v. New York State Catholic Health Plan, Inc.,* 2012 WL 1079943 (S.D.N.Y. Mar. 30, 2012). (A party's own affidavit, containing relevant information of which she has firsthand knowledge maybe selfserving, but is nonetheless competent to support or defeat a motion for summary decision. *In re Robert M. Armstrong*, 2016 WL 5340237).

6.     Whether the ALJ further erred in granting Kenco's Motion for Summary Decision in that in

applying the "clear and convincing" standard of evidence that Kenco would have taken the same adverse employment decision against Petitioner-Complainant, the ALJ did not properly apply the three-prong test articulated in the matter of *Robert M. Armstrong*, 2016 WL 5340237, including the failure to make a finding of [i] whether the existence and strength of any motive to retaliate on the part of [Kenco's employees ] who were involved in the decision was present; and [ii] whether any evidence existed that the [Kenco] took similar actions against ***employees who are not whistleblowers*** (emphasis added) but who are otherwise similarly situated." *Robert M. Armstrong*, quoting, *Carr v. Social Security Admin.*, 185 F.3d 1318, 1323 (Fed. Cir.1999). *Accord Whitmore*, 680 F.3d at 1370-1375.

7.   Whether the ALJ erred in that he failed to address the evidence of Kenco's adverse employment actions taken against the Petitioner-Complainant in that she was disciplined and she was subjected to continued harassment within two weeks of engaging in what she "reasonably believed" to be "protected activity". *Robert M. Armstrong*. Whether the ALJ further erred on this point in that the Petitioner-Complainant need not prove causation at the summary decision stage by a preponderance, but that she only needed to provide evidence that raised an inference that her protected activity was a contributing factor in Kenco Logistics' adverse employment decisions against her.

8.   Whether the ALJ engaged in improper fact finding at the summary decision stage and failed to view evidence, i.e, affidavits provided by Petitioner-Complainant and her witnesses most favorable to Petitioner-Complainant and disregarded evidence that could allow a finding of pretext on the part of Kenco.

9.   Whether the ALJ erred in that in making his decision to grant Kenco's Motion for Summary Decision, he relied on inadmissible affidavits from Kenco's witnesses that did not comply with the Federal Rule of Civil Procedure, Rule 56 requirements in that these affidavits do not not offer dates or authenticated documents to support them.

IV.   **This is an Appeal of a Final Order of an Administrative Agency**

10. As noted above, a final appealable judgment was entered by the Administrative Review Board as delegated by the Secretary of Labor on February 15, 2017.

V.     **Prior Related Appellate Proceedings**

11. There have been no prior or related appellate proceedings in this case.

VI.    **Parties to the Litigation Appearing in Their Official Capacity**

12. Pursuant to Circuit Rule 3(c)(1), Petitioner-Complainant states that to the best of her knowledge the current occupant of the office of the Secretary of Labor, R. Alexander Acosta, appears in his official capacity.

VII.   **Additional Requirements of Circuit Rule 3(c)(1).**

13. This is a civil case that does not involve any criminal convictions. 28 U.S.C. §1915(g) is inapplicable.

14. This case does not involve the collateral attack of a criminal conviction.

> Respectfully submitted,
> **MARY MADISON**

Dated: April 18, 2018

/s/_____
Jordan T. Hoffman
ARDC No. 6195896
Jordan TraVaille Hoffman, P.C.
2711 E. New York Street, Suite 205
Aurora, Illinois 60502
(888) 958-4529

**CERTIFICATE OF SERVICE**

      The undersigned attorney, hereby certifies that on April 19, 2018, I submitted a copy of the foregoing <u>PETITIONER'S DOCKETING STATEMENT</u> with the UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT in the foregoing matter of Case No. 18-1800 and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system and via service USPS to:

Julia P Argentieri, Esq.
Jody Wilner Moran, Esq.
Jackson Lewis, P.C.
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601

      /s/_____

      Jordan Hoffman
      Atty. #16763
      **Jordan TraVaille Hoffman, P.C.**
      2711 E. New York St., Suite 205
      Aurora, IL 60502
      (888) 958-4529