# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**Mary Madison**
**Petitioner-Appellant,**

**v.**

**Department of Labor-**
**Administrative Review Board**
**Respondent-Appellee.**

PETITIONER-COMPLAINANT OPENING BRIEF
IN SUPPORT OF PETITION FOR REVIEW FROM THE
DISMISSAL OF THE OF APPEAL ISSUED BY THE
DEPARTMENT OF LABOR-ADMINISTRATIVE REVIEW BOARD

**Case No. ARB 18-018**
**Case No. 2016-FDA-004 (ALJ)**

**The Honorable Judge(s) Joanne Royce and Leonard Howie, III**

**Administrative Appeals Judge(s) Presiding**

**Jordan TraVaille Hoffman, P.C.**

Jordan T. Hoffman
2711 E. New York St., Suite 205
Aurora, IL 60502
888-958-4529
Plaintiff-Appellant-Mary Madison

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _____

Short Caption: _____

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

   **[   ]     PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

   _____

   _____

   _____

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   _____

   _____

   _____

(3)  If the party or amicus is a corporation:

   i)  Identify all its parent corporations, if any; and

   _____

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

   _____

Attorney's Signature: _____   Date: _____

Attorney's Printed Name: _____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** _____  **No** _____

Address: _____

   _____

Phone Number: _____  Fax Number: _____

E-Mail Address: _____

rev. 01/15 GA

APPELLANT BRIEF

TABLE OF CONTENTS

DISCLOSURE STATEMENT ................................................................. i

TABLE OF CONTENTS ...................................................................... ii

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES ........................................................... 1

STATEMENT OF THE CASE ............................................................... 2

SUMMARY OF ARGUMENT ............................................................... 4

    a. Standard of Review ............................................................... 5

ARGUMENT ....................................................................................... 7

CONCLUSION .................................................................................... 32

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32 (a) (7)................. 34

PROOF OF SERVICE ......................................................................... 35

CIRCUIT RULE 30(d) STATEMENT ................................................... 36

ATTACHED REQUIRED SHORT APPENDIX ...................................... 37

Table of Authorities

Cases

1. *Allied-Signal, Inc. v. Nuclear Reg. Comm'n*, 988 F.2d 146, 152 (D.C. Cir. 1993). Page 24

2. *Armstrong v Manzo,* 380 US 545, 550; 85 S Ct 1187, 1190; 14 L Ed 2d 62 (1965). [*Id.* at 84.] Page 16

3. *Burlington Truck Lines v. United States, 371 U.S. 168 (1962) Page 22, 23, 24*

4. *Cae, Inc. v. Clean Air Engineering, Inc.,* 267 F.3d 660 (7th Cir. 2001) citing Zurko, 527 U.S. at 165, 119 S. Ct. 1816. Page 4

5. *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). Page 28

6. *Chicago Cable Communications v. Chicago Cable Commission,* 879 F.2d 1540, 1546 (7th Cir.1989), *quoting Cosby v. Ward,* 843 F.2d 967, 982 (7th Cir.1988). Page 16

7. *Christensen v. Harris Cty., 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000).* Page 6

8. *Citizens to Preserve Overton Park,* 401 U.S. at 415, 91 S.Ct. at 823. Page 28 & 29

9. *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999)  Page 4, 21

10. *Duncanson-Harrelson Co.,* 686 F.2d at 1339 Page 6

11. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009) 1812. Page 21, 22, 23, 25, 26 & 29

12. *Greene v. Lindsey,* 456 U.S. 444, 449-50, 102 S.Ct. 1874, 1877-78, 72 L.Ed.2d 249 (1982) Page 16

13. *Hagner v. United States,* 285 U.S. 427, 430 (1932); *Rosenthal v. Walker,* 111 U.S. 185, 193 (1884) Page 12

14. *International Shoe Co.* v. *Washington,* 326 U. S., at 317 Page 21

15. *Jones v. Flowers,* 547 U.S. 220, 223, 126 S.Ct. 1708, 1712, 164 L.Ed.2d 415, 423 (2006). Page 16

16. *Lewis v. United States,* 144 F.3d 1220, 1222 (9th Cir. 1998) Page 12

17. *Lloyd v. Illinois Reg'l Transp. Auth.,* 548 F.Supp. 575, 590 (N.D. Ill. 1982) (citing U.S. Lines V. Federal Maritime Comm's 584 F. 2d. 519, 533-34 (D.C. Cir. 1978) Page 28

18. *McNamara v. Ohio Dept. of Job & Family Servs.*, 2010 Ohio 5619 (Ct. App. 2010) page 19

19. *Mullane v. Central Hanover Bank & Trust,* 339 U.S. at 314, 70 S.Ct. at 657. Page 16

20. *Ohio Dept. of Medicaid v. Price*, 864 F.3d 469 (6th Cir. 2017) at 477 Page 6

21. *Orchard Hill Building Company v. US Army Corps of Engineers*, No. 17-3403 (7th Cir. June 27, 2018) Page 4, 5, & 6

22. *Peralta v. Heights Medical Centr. Inc.,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), *quoting Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965) Page 16

23. *Potomac Elec. Power Co. v. Director (OWCP),* 449 U.S. 268, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980) Page 6

24. *Public Citizen v. FEDERAL MOTOR CARRIER SAFETY*, 374 F.3d 1209 (D.C. Cir. 2004) Page 28

25. *Rosenthal v. Walker,* 111 U.S. 185, 193 (1884) Page 12

26. *Tilden v. CIR*, 846 F.3d 882 (7th Cir. 2017) page 19

27. *United States v. Dierckman,* 201 F.3d 915, 926 (7th Cir. 2000) (quoting *Bagdonas v. Dep't of the Treasury,* 93 F.3d 422, 426 (7th Cir. 1996) Page 24

28. *Whistleblower 23711-15W  v. Commissioner of Internal Revenue, 2018* T.C. Memo 34 (T.C. 2018) page 20

STATUTES AND REGULATIONS

Administrative Procedure Act

The APA is codified at 5 U.S.C. §§ 551-559, and encompasses the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a) Page 4

5 U.S.C. §§ 554  Page 26

5 U.S.C. §§ 706(2)(A), (E) Page 5, 21, & 29

FDA Food Safety Modernization Act (FSMA)

§ 402 of the FDA Food Safety Modernization Act amended the Federal Food, Drug, and Cosmetic Act (FD&C) Page 1 & 6

21 U.S.C. § 399d page 1 & 4

21 U.S.C § 1012 page 1, 4, & 25

21 U.S.C § 1013 page 1

Code of Federal Regulations

29 CFR Part 1987.100  Page 4, 17, 24, & 25

29 CFR Part 1987.110 Page 1

29 CFR Part 1987.112 Page 1


29 CFR Part 18 Page 4, 9, 11, 12, 13, 17, 18, & 19

29 CFR Part 18.3 Page 6, 9, 10, 11, 12, 13, 14, 17, & 18

29 CFR Part 18.4 Page 14, 15, 18, 20, & 24

29 CFR Part 18.58 Page 15

Miscellaneous

Federal Rule of Appellate Procedure 15 Page 1

Federal Civil Rule of Procedure 5 Page 6, 9, 10, 11, 12, 14, & 18

Black's Law Dictionary Page 14

U.S. Congressional Research Service. An Introduction to Judicial Review of Federal Agency Action (R44699, Dec. 7, 2016) by Jared P. Cole Page 24, 25

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Jurisdiction of this appeal arises from the timely filing of a Petition for Review filed on April 16, 2018 pursuant to 21 U.S.C. §399d(b)(5)(A), Food, Drug and Cosmetic Act as amended, §§402 and 1013 entitled "Employee Protections" of the Food Safety Modernization Act (FSMA) and 29 CFR 1987.110(a)(b)(c) and 29 CFR 1987.112 of the Procedures for Handling Retaliation Complaints under §402 of the FDA Food Safety Modernization Act within 60 days of the Secretary's decision entered on February 15, 2018 and the Federal Rule of Appellate Procedure 15.

## STATEMENT OF THE ISSUE

Whether the Administrative Review Board erred in dismissing Madison's Petition for Review as untimely in that the service of the ALJ's Order dated November 22, 2017 was defective and whether the defective service deprived Madison of due process and as such whether this defective service equitably tolled Madison's time to request a Petition for Review before the Administrative Review Board.

## STATEMENT OF THE CASE

### A. Nature of the case, Course of Proceedings, and Disposition Below

On September 10, 2013, Madison filed a whistleblower complaint under, 21 U.S.C. 399d. Section 1012 of the FD&C, against Kenco Logistics and Mars, Inc. for retaliation for reasonably believing and reporting falsification of documents and records; health and safety violations, such as: cross-contamination of the spread of feces in a food grade warehouse, sanitation and unsanitary working conditions, vermin infestation, fire drill and ammonia spill evacuation procedures, along with non-compliance issues of the Food Safety and Modernization Act (ALJ, D.O., Rec. #10 & Separate Record herein after "SA" (A) § IX p. 40).

Madison timely cooperated and filed all appropriate documents and appeals timely. Madison asserts and contends that this includes complainant's Petition for Review, with the Administrative Review Board, which is at issue here before this court.

### B. Statement of Facts

On August 11, 2017, respondent Kenco filed a Motion for Summary Decision in 2016-FDA-004 case (that was denied on August 16, 2017 (ALJ, O., SA (A) § XIII p. 87). Respondent Kenco then filed a Motion for Reconsideration regarding its Motion for Summary Decision on August 23, 2017 (SA (A) § XI p. 80).  The motion was granted.

On November 22, 2017, the ALJ dated an Order that was to be entered on the same day, when it was served by the Chief Docketing Court's proxy at the local Administrative Law Judges Offices. (ALJ, D. O., SA (A)§ X p. 77 Certificate of Service).

The Order according to the certificate of service was mailed to complainant's counsel's former address instead of complainant's counsel's currently known address on November 22, 2017 (ALJ, D. O., SA (A) § X p. 49).   The order mailed to complainant's counsel's former address was returned to the ALJ's office by the United States Post Office. (Rec. 6, Cp's Pet. To Show Cause Exhibit A & B & SA (A) § VI p. 28)

On December 1, 2017, the ALJ's office emailed respondent Kenco's counsel's looking for respondent Kenco's address because the copy of the order sent to respondent Kenco's former address had been returned as well (Rec. 6 & SA (A) § VI p. 32-33).  The ALJ's office also indicated in the same email that the order sent to complainant's counsel had also been returned and that the ALJ's office was going to send it to complainant's counsel's new address.  The ALJ's office also indicated in the email that an electronic decision had been sent in the matter (Rec. 6 & SA (A) § VI p. 32-33).

Respondent Kenco's counsel replied back with the address for respondent Kenco and indicated that the ALJ's office did not have complainant's counsel's correct email address and that respondent Kenco's counsel had copied complainant's counsel on the email reply (Rec 6 & SA (A) § VI p. 32-33).

Complainant's counsel received the order at his correct address on December 6, 2017. This was the only order that complainant's counsel received regarding the Summary Decision. It was upon receipt of the order that complainant's counsel was made aware that a summary decision was granted in respondent Kenco's favor.

On December 17, 2017, complainant filed her petition[1] for review with the Administrative Review Board (hereafter "ARB") (Rec. 10 & SA (A) § IX p. 40). The "ARB" issued an order to complainant on January 8, 2018 to Show Cause for her petition being filed later than fourteen (14) days after issuance of the ALJ's order (Rec. 8 & Required Appendix, herein after "RA" p. 14). On January 22, 2018, complainant responded to the Order to Show Cause indicating that service had been defective. (Rec 6 & SA (A) § VI p. 28).

C. ARB Decision

The Administrative Review Board ruled on February 15, 2018 that complainant's Petition for Review was untimely (Rec 4, ARB F.D. & O. & RA p. 7).

SUMMARY OF ARGUMENT

Complainant timely filed her Petition for Review with the ARB after the ALJ's order was received on December 6, 2017 (ALJ, D.O., Rec. #10 SA (A) § IX p. 40). This was after a series of defective attempts to serve complainant by the docketing clerk in

---

[1] Complainant included in her petition for review a copy of the envelope metered with postage dated December 1, 2017

accordance with 29 CFR 1987.100 (Rec. 6 & SA (A) § VI p. 28, Ex. A & B p. 32-34). That regulation encompasses 29 CFR Part 18 that sets forth the procedures under section 1012[2] of the FD&C for submission of complaints, investigations, issuance of findings and preliminary orders, objections to findings and orders, litigation before administrative law judges, post-hearing administrative review, and withdrawals and settlements (See SA B p. 98).

Standard of Review

*Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) instructs that the court must apply the Administrative Procedure Act (herein after "APA") when reviewing agency factfinding. *Cae, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660 (7th Cir. 2001) citing *Zurko*, 527 U.S. at 165, 119 S. Ct. 1816. Under the APA, a court must set aside an agency determination if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if it is "unsupported by substantial evidence." *ORCHARD HILL BUILDING COMPANY v. US Army Corps of Engineers*, No. 17-3403 (7th Cir. June 27, 2018) (See SA-C p. 10) citing 5 U.S.C. §§ 706(2)(A), (E); *Rapanos v. US*, 547 U.S. 715 (2006) at 786 (Kennedy, J., concurring). Additionally, these two (2) standards can overlap. *Witter v. Commodity Futures Trading Comm'n*, 832 F.3d 745, 749 (7th Cir. 2016). *ORCHARD HILL BUILDING COMPANY at* p. 10 (See SA-C).

A determination is arbitrary and capricious if it "runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or

---

[2] § 1012 of U.S.C. 399d has been renumbered to §1013 of U.S.C. 399d

the product of agency expertise." *Id.* citing *Zero Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654, 668 (7th Cir. 2016) (quoting *Nat'l Ass'n of Home Builders v. Defs. Of Wildlife*, 551 U.S. 664, 658 (2007)) *Orchard Hill at p. 10* (See SA-C).

A determination is unsupported by substantial evidence when the record lacks evidence that "a reasonable mind might accept as adequate to support the conclusion." *Id.* S*ee also Addis v. Dep't of Labor*, 575 F.3d 688, 690 (7th Cir. 2009). Under either APA standard, the scope of review is "narrow and a court must not substitute its judgment for that of the agency." *Abraham Lincoln Mem'l Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012); *see also Dana Container, Inc. v. Sec'y of Labor*, 847 F.3d 495, 499 (7th Cir. 2017). This narrow review does not mean the review is "toothless" *Pioneer Trail Wind Farm, LLC v. Fed. Energy Regulatory Comm'n*, 798 F.3d 603, 608 (7th Cir. 2015). Specifically, the Supreme Court has instructed that the "APA requires meaningful review." *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999); *Id. Orchard Hills at p. 10 & 11*(See SA C)*; Cae, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660 at 676 (7th Cir. 2001). A court, in other words, should deferentially examine an agency's work, but not rubber-stamp it. *Id. Orchard Hill at p. 11* (See SA-C).

"Speculative" findings cannot support a significant nexus. *Rapanos*, at 780; "A reviewing court must identify substantial evidence." *id.* at 786  *Id. Orchard Hill at p. 12*. Moreover, mere conjecture "does not provide record support for that assumption." *Susquehanna Int'l Grp., LLP v. Sec. and Exch. Comm'n*, 866 F.3d 442, 450 (D.C. Cir. 2017) *Id. Orchard Hill at p. 17* (See SA-C).

Furthermore, it has been stated that "no amount of deference permits us [a court]to let slide critical findings bereft of record support. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. 29 (1983) at 43." *Id. Orchard Hill at p. 17*. The Administrative Review Board does not make policy. Therefore, its "statutory interpretation" of section 402 of the FDA Food Safety Modernization Act (FSMA) is not entitled to any special deference. *Potomac Elec. Power Co. v. Director (OWCP),* 449 U.S. 268, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980); *Duncanson-Harrelson Co. v. DIRECTOR, ETC.*, 686 F.2d 1336 (9th Cir. 1982) at 1339

*More specifically, the court in OHIO DEPT. OF MEDICAID v. Price*, 864 F.3d 469 (6th Cir. 2017) at 477 stated: "If the regulation is not ambiguous, we forego deference and apply the plain language of the regulation as written. <u>*Christensen v. Harris Cty.*, 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)</u>."


**ARGUMENT**

The Defective Service by Mail

According to Federal Rule of Civil Procedure 5 and 29 CFR 18.3, an individual represented by counsel is to be served all related correspondence by the opposing party and the court. Service is to be effectuated in this instance by mail-29 CFR Part 18.3 (b). To perfect service by mail, according to Section (b)2(C) of Federal Rule of Civil Procedure ("Fed. R. Civ. P") 5 and 29 CFR 18.3(c), the mailing is to be sent to the last known address (See SA-B p. 102).

The ALJ's order was not sent to the last known address on November 22, 2017 (Rec. 6 & SA (A) § VI p. 28, Ex. A & B p. 32-34). According to the service list, it was sent to Madison's counsel's previous address of 11528 S. Halsted, Chicago, Il 60628.

The ALJ's office had been previously notified of the address change back in early 2017 and again most recently on or about August 21, 2017, after complainant's counsel, had not received the ALJ's order of August 16, 2017 denying respondent Kenco's Motion for Summary Decision (SA (A) § XII p. 85).

More specifically, April Cook, Paralegal Specialist for Judge Sellers contacted complainant's counsel's office by phone[3] on August 16, 2017 and left a voice mail indicating that she was in need of complainant's counsel's fax number. Complainant's counsel provided the requested fax number to Ms. Cook by email and followed up by phone. See *Id.*

Several days later on August 21, 2017, April Cook, Paralegal Specialists for Judge Sellers again contacted complainant's counsel by phone and left a voicemail message about the order that had been entered four to five (4-5) days earlier. Complainant's counsel emailed Ms. Cook back that afternoon and stated that to date he had not received the order in the mail and again provided his fax number along with his mailing address and phone number(s)( SA (A) § XII p. 85).

On the same day, August 21, 2017, complainant's counsel received a call from respondent Kenco's counsel regarding the order that Judge Sellers entered on August

---

[3] For the ALJ's office to have called Complainant's counsel's office, the ALJ's office had to be in possession of the most current contact information for Complainant's counsel, as this office number corresponds to her counsel's current office.

16, 2017 denying respondent Kenco's Motion for Summary Decision and to discuss

potential a settlement (SA (A) § XIII p. 93).   Respondent Kenco's counsel also

forwarded, on the same day, August 21, 2017, a copy of the same order that was faxed by

Ms. Cook with an August 16, 2017 dated cover sheet and a time stamp of August 18,

2017[4] (SA (A) § XIII p. 88).

DEFECTIVE SERVICE WAS AN ONGOING PROBLEM

Consequently, the issue of defective service raised by complainant here before this

court is not a new issue to complainant or the ALJ's office regarding receiving orders

and communications from the ALJ's office.

To be more specific, on sixteen (16) separate occasions immediately prior the ALJ's

office being notified for a second (2nd) time on August 21, 2017, (SA (A) § XII p. 85) of

complainant's counsel's correct mailing address, the ALJ's office received

correspondence from both complainant and respondent Kenco's counsel with this

current mailing address.   Additionally, after being notified for the second time, on

August 21, 2017, the ALJ's office received eight (8) or nine (9) pieces of additional

correspondence from both complainant and respondent Kenco's[5] counsel with this same

---

[4] Complainant's counsel was unable to determine the actual date in which the order was
faxed as it has two (2) conflicting dates on the fax cover sheet: one (1) of August 16, 2017
(handwritten) and the other with a time stamped date of August 18, 2017.  Additionally,
the fax number used for Complainant's counsel was incorrect, as the numbers were
transposed.  Complainant's counsel did not receive the order from Judge Sellers' office by
mail or fax as intimated.

[5] Respondent's current counsel was not Respondent's initial counsel.  Respondent's initial
counsel was Miller and Martin of Chattanooga, TN (SA (A) § XIV p. 95).  Furthermore,
Complainant's counsel was not made aware of this change in counsel until Judge Sellers
entered an order on March 29, 2017, based upon a motion made by Jackson and Lewis in

February of 2017 to extend the December 13, 2016 scheduling order. Complainant's counsel was not aware of the motion or change in counsel nor had Complainant's counsel ever had any contact with Jackson and Lewis on this matter prior to making the objection on April 7, 2017.

After receiving Judge Sellers' order of March 29, 2017, Complainant's counsel identified a number of issues and objected to this order based upon Complainant's counsel not being served the motion, along with the merits of the motion and the patently false statements made by Respondent's counsel used to support its motion. Specifically Respondent's counsel allegedly emailed a copy of its February 2017 motion to an erroneous email address for Complainant's counsel. The certificate of service only listed an email address that was supposed to be for Complainant's counsel, but was not Complainant's counsels email address. The certificate of service had no other contact information for Complainant's counsel. Furthermore, under *29 CFR Part 18- RULES OF PRACTICE AND PROCEDURE FOR ADMINISTRATIVE HEARINGS BEFORE THE OFFICE OF ADMINISTRATIVE LAW JUDGES this is not an identified method of service-see §18.3.*

Complainant's counsel initially raised the issue of electronic service in its objection of April 7, 2017 to the order entered on March 29, 2017 by Judge Sellers. Specifically, Complainant's counsel referenced that electronic service under the Federal Rule of Civil Procedure 5 and 29 CFR 18.3, specifically section (b)2(E) necessitated that electronic service must be agreed upon in writing by all parties. Complainant's counsel had never agreed to such with Respondent's former and now current legal counsel. Complainant's counsel was retained in 2014.

Complainant's counsel even went on further to state that neither Complainant nor Complainant's counsel had ever furnished an email address to Respondent.

The lack of contact information on Respondent's February 24, 2017 motion evinces that the now current legal counsel had had no contact with Complainant's counsel prior to filing its motion, aside from not following the proper rules of service that govern this forum.

For example, in May of 2016, Ms. Cook, Judge Sellers' Paralegal arranged a conference call for June 2 of 2016 and the participants were Miller and Martin of Chattanooga, TN Respondent's counsel of record at the time and Complainant's counsel. Moreover, based upon Complainant's counsel's records it seems that the current legal counsel for Respondent filed its appearance just in November of 2017. Therefore, Complainant cannot understand how the now current legal counsel for Respondent could offer any input about what Complainant's counsel did or did not do when in fact, Respondent's current counsel was not involved in the matter prior to filling its February 24, 2017 Motion To Extend Scheduling Order.

mailing address prior to Judge Sellers issuing the November 22, 2017 Decision and Order.

The ALJ's office became aware that service by mail had not been perfected when the order was returned by the US. Post Office to the ALJ's office (Rec. 6 & SA (A) § VI p. 33, Ex. A).  On December 1, 2017, ten (10) days after the confirmed unperfected service by mail attempted by the ALJ's office, Madison's counsel was copied on an email correspondence from respondent's counsel that was between respondent's counsel and the ALJ's paralegal, April Cook. *Id.*

THE DEFECTIVE ELECTRONIC SERVICE

The email indicated that the judge's order that had been addressed and mailed to respondent Kenco in Manteno and to Madison's counsel had been returned to the ALJ's office.  The email further stated that since an electronic decision had already been issued there was no problem with the service by mail. *Id.*

A forwarding address was provided by respondent Kenco and a notation that the original email that Madison's counsel had been copied on from the ALJ's office had not gone to the correct email address, as the "T" was missing in the email address. Respondent Kenco's counsel took the liberty to copy Madison's counsel in their response. *Id.*  This was not the first time that respondent Kenco's counsel noted that complainant's counsel's email was entered incorrectly by the ALJ's office.

---

Additionally, for Ms. Cook to have contacted complainant's counsel by phone beginning in April of 2017 meant that Ms. Cook and the ALJ's office had complainant's counsel's most current phone and mailing address.

The email communication between respondent's counsel and the ALJ's paralegal, April Cook, did not in any way indicate the date in which the order had been initially issued nor what the order stated, nor what the disposition of the order was, nor in whose favor the decision had been made. There were no identifying triggers listed to prompt any immediate action to be taken. Furthermore, there was no attached decision and Madison's counsel had never received any electronic decision issued by the ALJ's office. Therefore, it was impossible to glean any information necessary to establish timeframes and to respond in any manner to the order.

Moreover, Fed. R. Civ. P 5 specifically section (b)2(E) and 29 CFR 18.3, state that *Service in General*. "A paper is served under this rule by: sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served;"

      a. *Madison nor Madison's counsel never agreed in writing to consent to electronic service.*

      b. *Madison nor Madison's counsel never received an electronic decision.*

      c. *The certificate of service dated November 22, 2017 only reflects service by mail.*

*Specifically, the ALJ's paralegal April Cook stated in her email dated December 1, 2017 to respondent Kenco:*

> *I know the parties already have an electronic decision on the above matter, but we received the hard copy back for Kenco Logistics.*

> *Could you please provide me with their new address?*
>
> *I also received the hard copy back addressed to Mr. Hoffman
> (his old address) so I sent another hard copy to his new
> address.*

The ALJ's paralegal erred when she stated that an electronic decision had been issued, as Madison's counsel had never consented in writing to electronic service. Therefore, even if this method of service occurred, this mode of service/notice was not a viable option under Fed. R. Civ. P *5* and its administrative counterpart *29 CFR Part 18.3 (c)-RULES OF PRACTICE AND PROCEDURE FOR ADMINISTRATIVE HEARINGS BEFORE THE OFFICE OF ADMINISTRATIVE LAW JUDGES.*

Furthermore, according to § 18.3 Service and filing of documents "(c) *By the Office of Administrative Law Judges.* Service of notices, orders, decisions and all other documents, except complaints, shall be made by regular mail to the last known address."

Consequently, if the ALJ's office did indeed initiate service electronically, this action was in contravention of the applicable rules and was not identified as the method of service on the certificate of service signed by Ms. Cook from the ALJ's office.

ASSUMPTIONS MADE BY THE ARB

Additionally, a number of assumptions were made with respect to the December 1, 2017 email. The first assumption is that this was a procedurally correct method of service/notification. The second assumption was that Madison's counsel received/read the email communication sent on December 1, 2017 and that notice was proper or sufficient enough to cause Madison's to counsel act appropriately and with due

diligence. Another assumption is that Madison's counsel was aware or should have known to act or sought to engage in measures to enlarge the time to respond, in the absence of knowing the disposition of the order. Furthermore, based upon the email, it clearly stated that another copy of the order had been sent.

"The mailbox rule provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Hagner v. United States,* 285 U.S. 427, 430 (1932); *Rosenthal v. Walker,* 111 U.S. 185, 193 (1884); *Lewis v. United States,* 144 F.3d 1220, 1222 (9th Cir. 1998).

This assumption was rebutted under the common law mailbox rule. The mailing was not properly addressed and was returned to and received by the sender, according to Ms. Cook of the ALJ's office in her email of December 1, 2017 to respondent's counsel. This error ultimately rendered the need to interpret whether Madison's counsel's timely or untimely filing for review superfluous, as the service was clearly defective. Moreover, the ARB taking a position contrary to the common law mail box rule; FED. R. CIV. P 5 and its administrative counterpart 29 CFR Part 18.3 (c) creates somewhat of a quasi estoppel, ultimately undermining and misapplying the standards set out in the common law mailbox rule and the rules of procedure, supra (See, Black's Law Dictionary).

Assuming, arguendo that Madison's counsel had "exercised due diligence" and reached out to the ALJ's office after receiving/reading the email there is no guarantee that Madison's counsel would have received the order much sooner than he did, as service of an order by the Office of the Administrative Law judge is to be effectuated by mail 29 CFR § 18.3(c).

On the other hand, failure to exercise due diligence by Madison's counsel would have been to not file the petition for review. This would have unequivocally been a failure to pursue and preserve Madison's rights, as the rule of procedure permits the filing of a petition for review with or without a motion for an enlargement of time. More specifically, the filing of a motion for enlargement of time would not have been as diligent or diligent at all, as meeting the requirements for the petition for review of making the required objections and points of law.

Uniquely, at the ARB, appeals are not a matter of right, but the timely filing of the petition for review is a requisite for judicial review. Under the circumstances, based upon the statutory guidelines of 29 CFR Part 18, Madison's counsel, as of December 1, 2017 still would have been confronted with the same uncontrollable circumstances of not filing within 14 days of issuance of the order.

The ARB requisites for review state with particularity that the issues for review are to be stated and the points of law are to be enumerated; failure to raise an inherent objection would preclude that objection from being made. Additionally, it states that the request may or may not be accepted for review and a timely filing is a requisite for judicial review. Additionally, motions for enlargement of time with the ARB do not have any statutory basis.

Moreover, if the ARB contends that it "likely[6]" would have granted the enlargement of time, if motioned, for the same reasons outlined; then it seems that the ARB erred

[6] The ARB stated in its February 15, 2018 decision that it would have likely (see RA-9) granted a motion to enlarge time, if Madison's counsel had requested an extension.

when it did not accept the motion as timely filed without the motion, for the same reasons outlined.

It seems as though the ARB myopically construed its perception of due diligence, when it proposed that Madison's counsel took it upon himself to file late[7] and that he failed to exercise due diligence. Madison's counsel was only copied on an email from respondent's counsel that specifically stated that the order has been returned by mail (defective service) and that another hard copy had been mailed to Madison's counsel's new address. The ARB also assumed that Madison's counsel saw the email on December 1, 2017 referencing a subject line of Mary Madison case. Madison's counsel did not see the email on the date it was sent.

Conversely, when it came to service of orders and the filing of pleadings and other papers, as well as, the computing and extending time; specifically FED. R. CIV. P 5 & and its administrative counterparts 29 CFR 18.3 and 29 CFR 18.4, the ARB with vast liberality, almost akin to that of a great gulf or deep blue sea, disregarded the specific rules of practice that address service and computation of time with respect to service of the November 22, 2017 order to Madison's counsel.

Specifically, 29 CFR 18.4 (b) states: *Date of entry of orders.* In computing any period of time involving the date of the entry of an order, the date of entry shall be the date the order is served by the Chief Docket Clerk and other applicable rules.

---

[7] The order was received at complainant's counsel's office on December 6, 2017. Typically due to the lateness of the hour in which the mail is received, the mail is not sorted and distributed until the next business day. Therefore, complainant's counsel did not actually see the order until the next day, December 7, 2017.

The ARB blatantly ignored that service was defective and supported its positon with theories of conjecture that overreached and undermined the rules of procedure.

14 Day Period Unknown Until Actual Receipt of Order

For example, the ARB suggested that Madison's counsel was apprised and aware of a fourteen (14) day deadline or timeframe to respond. This is simply not true, as the ALJ's proceedings were governed under *29 CFR - PART 18—RULES OF PRACTICE AND PROCEDURE FOR ADMINISTRATIVE HEARINGS BEFORE THE OFFICE OF ADMINISTRATIVE LAW* of which it makes no reference to a time frame in its appeals section 18.58 (See SA-B p.122).

Based upon this information, it was impossible for Madison's counsel to have been aware of this statutory time limitation. The first introduction of this time limit is mentioned in the ALJ's November 22, 2017 order that was received by complainant's counsel. A fortiori, Madison's counsel could not have known that this provision and/or limitation existed prior to receiving the order dated November 22, 2017 or even if it was applicable to his client.

Additionally, the ARB has consistently maintained in its published decisions and orders that it was steadfast and inflexible with regard to the timeframe to file a Petition for Review, while remaining very particular and stringent in its requirements for the contents of such a request. Based upon this narrow scope of time and particularized requirements, it does not afford a litigant adequate time to assess and analyze the matter, count of the cost and enlist the proper help necessary to adequately and effectively present one's objections to the decision that was made.

Moreover, courts have held that:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co,* 339 US 306 314; 70 S Ct 652, 657; 94 L Ed 865 (1950); *Jones v. Flowers,* 547 U.S. 220, 223, 126 S.Ct. 1708, 1712, 164 L.Ed.2d 415, 423 (2006). Failure to give notice violates "the most rudimentary demands of due process of law." *Armstrong v Manzo,* 380 US 545, 550; 85 S Ct 1187, 1190; 14 L Ed 2d 62 (1965). [*Id.* at 84.]

An elemental component of due process is to receive "reasonable notice." As held in

the Seventh Circuit and by the Supreme Court,

> It is universally agreed that adequate notice lies at the heart of due process. Unless a person is adequately informed of the reasons for denial of a legal interest, a hearing serves no purpose — and resembles more a scene from Kafka than a constitutional process *Chicago Cable Communications v. Chicago Cable Commission,* 879 F.2d 1540, 1546 (7th Cir.1989), *quoting Cosby v. Ward,* 843 F.2d 967, 982 (7th Cir.1988). *See also Peralta v. Heights Medical Centr. Inc.,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), *quoting Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965).

The Supreme Court has stated in several cases that:

> "Reasonable notice" is defined by the Supreme Court as "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust,* 339 U.S. at 314, 70 S.Ct. at 657. *See also Peralta v. Heights Medical Center,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988) and *Greene v. Lindsey,* 456 U.S. 444, 449-50, 102 S.Ct. 1874, 1877-78, 72 L.Ed.2d 249 (1982) (citing this passage as the accepted standard for the adequacy of notice).

Specifically, it is made clear in 29 CFR 1987 Labor –Subpart A—Complaints, Investigations, Findings and Preliminary Orders

## §1987.100   Purpose and scope.

(a) This part sets forth the procedures for, and interpretations of, section 402 of the FDA Food Safety Modernization Act (FSMA), Public Law 111-353, 124 Stat. 3885, which was signed into law on January 4, 2011. Section 402 of the FDA Food Safety Modernization Act amended the Federal Food, Drug, and Cosmetic Act (FD&C), 21 U.S.C. 301 *et seq.,* by adding new section 1012. *See* 21 U.S.C. 399d. Section 1012 of the FD&C provides protection for an employee from retaliation because the employee has engaged in protected activity pertaining to a violation or alleged violation of the FD&C, or any order, rule, regulation, standard, or ban under the FD&C.

(b) This part establishes procedures under section 1012 of the FD&C for the expeditious handling of retaliation complaints filed by employees, or by persons acting on their behalf. The rules in this part, together with those codified at 29 CFR part 18, set forth the procedures under section 1012 of the FD&C for submission of complaints, investigations, issuance of findings and preliminary orders, objections to findings and orders, litigation before administrative law judges, post-hearing administrative review, and withdrawals and settlements. In addition, the rules in this part provide the Secretary's interpretations on certain statutory issues.

THE ALJ AND THE ARB ARE INEXTRICABLY LINKED ACCORDING 29 CFR 1987

Specifically, Subpart A §1987.100

The two (2) entities, the ALJ and the ARB, are inextricably linked according to the codified rules listed above.  The ALJ's issuance of an order is the triggering event that starts the clock running at the ARB for a petition for review.  Seemingly, the ARB does

not give deference to ALJ's rules that govern the issuance of an order, such as but not limited to 29 CFR § 18.3 (c) *By the Office of Administrative Law Judges.* Service of notices, orders, decisions and all other documents, except complaints, shall be made by regular mail to the last known address or Federal Rule of Civil Procedure 5 or 29 CFR § 18.4 (b) *Date of entry of orders.* In computing any period of time involving the date of the entry of an order, the date of entry shall be the date the order is served by the Chief Docket Clerk and other applicable rules.

Moreover, there is nothing under 29 CFR Part 18 that references or gives rise to what the ARB is governed by, with respect to this particular matter in the case sub judice. Upon more than a cursory look, the ARB has a number of different time frames within which a petition for review is to be made dependent upon which type of action and statute the complaint for relief arises under. Furthermore, this complaint brought under the Food Safety and Modernization Act is packaged in with other OSHA subparts; therefore, it would not have been readily apparent as to the specific standard to apply to this particular situation. This overlapping pairing of subparts, without specific, direction is confusing.

The order was the vital key to the petition for review, as it set forth the terms and issues to be identified and addressed by Madison's counsel. Furthermore, it does not seem that the ARB took into account the complexity of the requirements set out for its petition for review that is a requisite for judicial review.

The errors in the service of the order that led up to it being improperly served under the Fed. R. Civ. P 5 and its administrative counterpart 29 CFR 18.3 continued after the

ALJ's office was notified of the defective service   These, pre and post service events and the lack of knowledge of the order and its specific requisites were clearly outside the control of Madison's counsel.

THE INCONGRUENT CERTIFICATE'S OF SERVICE

The ALJ's office did nothing to correct the defective service.  After it was made aware of the defective service upon receipt of the order improperly addressed to Madison's counsel from the U.S. Post Office, the ALJ's office  assumed that service had been effectuated electronically, despite the certificate of service indicating that service was [Hard Copy]-by mail (SA (A) § VI p. 33 & X p. 77). Based upon the statements and actions of the ALJ's office, it can also be inferred that the ALJ's office, specifically April Cook, Paralegal Specialist to Judge Sellers, did not comply with or adhere to 29 CFR Part 18- RULES OF PRACTICE AND PROCEDURE FOR ADMINISTRATIVE HEARINGS BEFORE THE OFFICE OF ADMINISTRATIVE LAW JUDGES that mandated service of an order to be mailed.  Nor did she verify the method of service against its service list and its certificate of service that she issued on November 22, 2017 and she seemingly was not cognizant that the certificate of service, the issuance of the order and the mailing date must be in synchrony to execute perfected service.

The same certificate of service issued on November 22, 2017, was again used when the ALJ's office, specifically April Cook, again mailed the order to Madison's counsel's correct known address in December of 2017 (Rec. 6 & SA (A) § VI p. 33 and § X p. 49). Accordingly, a prerequisite for prima facie proof of service, the certificate of service dated November 22, 2017, was inconsistent with the private postage meter mark of

December 1, 2017 and the receipt of the second mailing to Madison's counsel's correct known address on December 6, 2017.

Arguably, affixing postage to a letter does not constitute or guarantee the mailing of such, in the absence of an official United States Postal Service Postmark. *Tilden v. CIR*, 846 F.3d 882 (7th Cir. 2017); *McNamara v. Ohio Dept. of Job & Family Servs.*, 2010 Ohio 5619 (Ct. App. 2010).  Considerably, one (1) of two (2) things could have occurred with regards to the delay in receipt of the mailing.  The first is that it was not mailed on the date the private postage meter was marked or that delayed receipt of the mailing was triggered by the overall delay in mail due to the holiday season mailing rush or a combination of both.  Consequently, since there is no direct evidence concerning the date and fact of mailing of the November 22, 2017 order, that order, did not trigger the running of the fourteen (14) day filing period - *WHISTLEBLOWER 23711-15W v. COMMISSIONER OF INTERNAL REVENUE*, 2018 T.C. Memo 34 (T.C. 2018).

Whichever of theories may be correct, the absence of the official U.S. postmark and a certificate of service dated ten (10) days prior to the private postage meter mark, irrefutably supports  that an exact date of mailing/issuance cannot be established by the ALJ's office and that service still had not been perfected.  More specifically, the United States Postal Service Postmark is necessary for the Postmark rule to apply.  Therefore based upon the outlined factors, the ALJ's office nor the ARB can establish an exact time frame in which to begin running the clock on the fourteen (14) day timeframe to initiate a petition for review with the ARB.  Accordingly,  29 CFR 18.4 (b) clearly states that: In

computing any period of time involving the date of the entry of an order, the date of entry shall be the date the order is served by the Chief Docket Clerk.

Additionally, in other instances almost uniformly, other governmental agencies and the Supreme Court hold that the absence of an official; legible US Postmark or an official US Postmark renders documents or bills deemed filed as the date of receipt of such document or bill.

The court held in *International Shoe Co.* v. *Washington,* 326 U. S., 310 (1945) at 319, "and stressed that the Due Process Clause ensures not only fairness, but also the "orderly administration of the laws."

The Administrative Procedures Act, the reviewing standard, also affords an orderly administration of the law and "separately provides for setting aside agency action that is "unlawful," 5 U.S.C. § 706(2)(A), which of course includes unconstitutional action" *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009) 1812.

Justice Breyer, in *Dickinson v. Zurko*, 527 U.S. 150, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) States that:

> "The Administrative Procedure Act (APA) sets forth standards governing judicial review of findings of fact made by federal administrative agencies. 5 U. S. C. § 706"

He goes on to say:

> Section 706, originally enacted in 1946, sets forth standards that govern the "Scope" of court "review" of, *e. g.,* agency factfinding (what we shall call court/agency review). It says that a "reviewing court shall—
> . . . . .

"(2) hold unlawful and set aside agency . . . findings. . . found to be—
"(A) arbitrary, capricious, [or] an abuse of discretion, or . . .
"(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; . . .
"In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . ."

## ARB DECISION WAS ARBITRARY AND CAPRICIOUS

### THE CONTENTION

The ARB contends that Madison's counsel request for a petition for review filed on December 17, 2017 was untimely.

### THE PROBLEM

Multiple instances of defective service of the ALJ's order dated November 22, 2017. In multiple instances, service of the November 22, 2017 order upon complainant was defective. Service was never perfected in any of the stated attempts at service.

### THE FLAWS

**THE ARB's Rationale was Flawed**

The ARB offers a number of conjectures, postulations, probabilities, accusations and potential solutions to the symptoms of the problem without ever acknowledging and addressing the root cause of the problems- the defective service of the November 22, 2017 order.

The Court in *Fox* stated that:

"the requirement that an agency at least minimally "consider ... important aspect[s] of the problem." citing *State Farm, supra,* at 43, 103 S.Ct. 2856, Supra at 1833 and that "failure to address this "aspect" of the problem calls for a remand to the agency citing *Overton Park,* 401 U.S., at 420-421, 91 S.Ct. 814, *Fox at* 1835

Additionally the *Fox Court* said essentially that an:

> "agency's failure to discuss..... '"important aspect[s] of the problem'" means that the resulting decision is "`arbitrary, capricious, an abuse of discretion'" requiring us to remand the matter to the agency (citing *State Farm,* 463 U.S., at 43, 103 S.Ct. 2856; *Overton Park,* 401 U.S., at 416, 91 S.Ct. 814.)" *Fox at* 1838

Not only did the ARB fail to address the specific problem, but it also failed to articulate an explanation or a rationale, as to why it chose to intentionally and blatantly ignore, the defective service issue raised by complainant's counsel--The only issue raised by complainant's counsel in its response to the order on the Rule to Show Cause. Agencies are required to examine the relevant facts.

The Supreme Court has held in several decisions according to *Burlington Truck Lines v. United States, 371 U.S. 168 (1962)* that a:

> "rational connection between the facts found and the choice made" is required along with an "agency must make findings that support its decision, and those findings must be supported by substantial evidence quoting *Interstate Commerce Comm'n* v. *J-T Transport Co.,* 368 U. S. 81, 93, *United States* v. *Carolina Carriers Corp.,* 315 U. S. 475, 488-489; *United States* v. *Chicago, M., St. P. & P. R. Co.,* 294 U. S. 499, 511."

In order to have a rational connection, a logical and rational decision-making process must take place. The Court in *Fox* at 1830 stated that "this means agencies must follow a "logical and rational" decisionmaking "process" citing *Allentown Mack Sales & Service, Inc. v. NLRB,* 522 U.S. 359, 374, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998). Moreover, it does not appear that the ARB's decision was based on a consideration of the relevant factors, but it seems that the agency adopted the ideology and rationale of

respondent's response to complainant's response to Order To Show Cause verbatim

(See SA-(A) § V page 20).  This approach is a clear error of judgment.

The Court in *Fox* held at 1830 that:

> Moreover, an agency must act consistently. The agency must follow its own rules. *Arizona Grocery Co. v. Atchison, T. & S.F.R. Co.,* 284 U.S. 370, 389-390, 52 S.Ct. 183, 76 L.Ed. 348 (1932). And when an agency seeks to change those rules, it must focus on the fact of change and explain the basis for that change. See, *e.g., National Cable & Telecommunications Assn. v. Brand X Internet Services,* 545 U.S. 967, 981, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005) ("*Unexplained* inconsistency is" a "reason for holding an interpretation to be an arbitrary and capricious change from agency practice" (emphasis added)).

## ARB Did Not Consider The Relevant Factors

The Supreme Court stated that:

When reviewing that determination, courts must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Burlington* at 168

In general, the *Burlington* Court also noted, an agency decision is arbitrary:

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

An article written by *Jared P. Cole,* entitled - *An Introduction to Judicial Review of Federal Agency Action-Congressional Research Service, (R44699, December 7, 2016) states that*:

> Further, courts require agencies to provide the 'essential facts upon which the administrative decision was based'[8] and explain what justifies their determinations with actual evidence beyond a 'conclusory statement.'[9]   An agency's failure to provide an adequate explanation for its decision will typically result in remand or invalidation of its decision.   Among other things, this requirement plays an important role in judicial review of agency regulations.

The report goes on to say:

> Because of the wide range of statutory authorities and agency missions, what counts as a relevant factor that must be considered by an agency when reaching a decision can be context specific.

In this instance, the ARB failed to consider and govern itself according to the specificities and nuances of 29 CFR Part 18 § 3 and 4, as outlined in 29 CFR 1987: Labor Subpart A—Complaints, Investigations, Findings and Preliminary Orders § 1987.100   Purpose and scope, when it made its decision to deny Madison's Review for Petition as timely filed, along with the standards of the Administrative Procedures Act

Cole's Report (44699) also points to:

> An illustrative case is *Judulang v. Holder*, 132 S. Ct. 476, 565 U.S. 42, 181 L. Ed. 2d 449 (2011), where the Supreme Court found the Board of Immigration Appeals' (BIA's) policy for deciding whether resident aliens may apply for relief from removal to be arbitrary and capricious at 194. The Court noted that the relevant factors for the BIA to consider were the "purposes of the immigration laws or the

---

[8] United States v. Dierckman, 201 F.3d 915, 926 (7th Cir. 2000) (quoting Bagdonas v. Dep't of the Treasury, 93 F.3d 422, 426 (7th Cir. 1996)).
[9] Allied-Signal, Inc. v. Nuclear Reg. Comm'n, 988 F.2d 146, 152 (D.C. Cir. 1993).

appropriate operation of the immigration system."195 Because the agency failed to root its determination in consideration of such factors and instead based its policy on an "irrelevant comparison between statutory provisions" unconnected to the merits of a removal decision or the administration of immigration laws, the Court held that the agency's determination was arbitrary and capricious at 196.

Clearly, the ARB's position is contrary to 29 CFR 1987: Labor Subpart A— Complaints, Investigations, Findings and Preliminary Orders **§1987.100**

**Purpose and scope**

(b) This part establishes procedures under section 1012 of the FD&C for the expeditious handling of retaliation complaints filed by employees, or by persons acting on their behalf. The rules in this part, together with those codified at 29 CFR part 18, set forth the procedures under section 1012 of the FD&C for submission of complaints, investigations, issuance of findings and preliminary orders, objections to findings and orders, litigation before administrative law judges, post-hearing administrative review, and withdrawals and settlements. In addition, the rules in this part provide the Secretary's interpretations on certain statutory issues.

An agency may not, for example, depart from a prior policy *sub silentio* or simply disregard rules that are still on the books. See *United States v. Nixon,* 418 U.S. 683, 696, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). *Fox at 1811.* Agencies must follow a "logical and rational" decisionmaking "process." *Allentown Mack Sales & Service, Inc. v. NLRB,* 522 U.S. 359, 374, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998). *Fox at 1830*

Formal proceedings are subject to more stringent procedures than informal proceedings and are required when the agency's decision must be made on the record-5 U.S.C. §554.

**The Record is Flawed**

In addition to the "Flawed Rationale," there is a "Flawed Record."

The certified record as presented to this court on May 29, 2018, is flawed with inaccuracies.

The first inaccuracy is Document 6 of the Certified Record.

Document 6 is complainant's response to the Rule to Show Cause and it is missing the certificate of service. Additionally, complainant's counsel was left a voice message on May 2, 2018 by Ms. Walker of the ARB requesting a copy of complainant's response to the Order to Show Cause (SA (A) § II p. 5). Ms. Walker indicated that she was preparing the record and could not find complainant's response and was in hopes that one could be provided to her to complete the record.

After several attempts by complainant's counsel, on May 7, 2018, complainant's spoke with Ms. Walker of the ARB. Complainant's counsel indicated that he believed that providing a copy of such would be inappropriate and that she should file the record as is. Complainant's counsel also, indicated that if the need arose he would motion the court to supplement the record. Complainant's counsel followed up with a letter on May 8, 2018 memorializing the request and his position. *Id.*

Additionally, the Secretary has misrepresented on the record the date in which complainant made her response to the Order to Show Cause, as January 30, 2018. When this error was identified and brought to the attention of counsel for respondent, respondent counsel said that they did not know the date so they "guessed." They did not know because the certificate of service was and still is missing (Rec. 6 & SA (A) § VI p. 28).

This was concerning, as the crux of the matter on review is about timeliness or the lack thereof. Complainant could not understand why January 30 was picked, a time well outside of the normal time frame to respond to such an order. This response to the Order to Show Cause was time sensitive and time compliant (SA (A) § VI p. 31). Moreover, neither did the ARB nor the then respondent Kenco take issue, object or ever mention that this response was untimely. Therefore, there is some confusion as to how the date of January 30, 2018-- a date eight (8) days later than the required time to respond, was chosen.

There Was Nothing To Point To The Response Being Late.

Another and even more frightening concern is that on May 2, 2018, the ARB contacted complainant's counsel out of necessity and asked complainant's counsel to provide a copy of its response to the Order to Show Cause. After finally speaking to Ms. Walker nearly a week later, complainant learned that the ARB still was in need of this response for its records. Complainant's counsel declined to provide this document and indicated that if necessary, he would supplement the record, if the need arose. The document being sought by the ARB in May of 2018 is Document 6 of the certified record submitted to this court on May 29, 2018 that contains an inaccurate date of January 30, 2018 as the date of filing.

Additionally, Document 6 lacked complainant's counsel's certificate of service and it appears that the envelope establishing the date of mailing was missing also.

Furthermore, it seems that the record that was constructed for this review, again intentionally and blatantly evades the issue at hand; the root cause of the problems--

The defective service.  Complainant is certain based upon Document 9 of the Certified Record that a request was made by the ARB to the ALJ's office for the record.  The Secretary has indicated that the information provided is the entire record.

Based upon what was presented in the certified record, a number of items relative to this issue of late filing are missing, e.g. the November 22, 2017 order and the mailings intended for complainant's counsel's and Kenco that were returned as referenced in the ALJ's email of December 1, 2017; correspondence from complainant's counsel relative to not receiving the August 16, 2017 order in the mail that also included complainant's counsel's contact information and evidenced that the ALJ's office had been aware of complainant's counsel's last known address amongst other things.

Contrary to the abridged certified record presented here, the APA's legislative history requires review based on the whole record.  "Without the whole record, a reviewing court cannot determine whether the agency has considered all relevant factors or whether it has considered improper factors."[10]  The Court must confine its review to the full administrative record which was before the agency and on which the agency determination was based. *See Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973).  Additionally, the court is required, however, to give that record "a thorough, probing, indepth review." *Citizens to Preserve Overton Park,* 401 U.S. **402 (1971)** at 415, 91 S.Ct. at 823.

---

[10] Lloyd v. Illinois Reg'l Transp. Auth., 548 F.Supp. 575, 590 (N.D. Ill. 1982) (citing U.S. Lines V. Federal Maritime Comm's 584 F. 2d. 519, 533-34 (D.C. Cir. 1978)

*Public Citizen v. FEDERAL MOTOR CARRIER SAFETY*, 374 F.3d 1209 (D.C. Cir. 2004) states:

> A statutorily mandated factor, by definition, is an important aspect of any issue before an administrative agency, as it is for Congress in the first instance to define the appropriate scope of an agency's mission. When Congress says a factor is mandatory, that expresses its judgment that such a factor is important. In accordance with this principle, we have held that "the complete absen[c]e of any discussion" of a statutorily mandated factor "leaves us with no alternative but to conclude that [the agency] failed to take account of this statutory limit on [its] authority," making the agency's reasoning arbitrary and capricious. *United Mine Workers v. Dole,* 870 F.2d 662, 673 (D.C.Cir.1989).

Therefore,

> If an agency takes action not based on neutral and rational principles, the APA grants federal courts power to set aside the agency's action as "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). For these reasons, agencies under the APA are subject to a "searching and careful" review by the courts. *Fox 1823 & 1824.*

## CONCLUSION

For all the foregoing reasons, Petitioner-Complainant Mary Madison requests this Honorable Court to vacate the ARB's decision of February 15, 2018 denying her Petition for Review and find that such petition was timely and further requests that the matter be remanded to the Board to consider her Petition for Review.

32

Respectfully Submitted
Mary Madison


By/s/_____
Jordan T. Hoffman, her Attorney
ARDC No. 6195896
Jordan TraVaille Hoffman, P.C.
Counsel for Petitioner-Complainant
2711 E. New York St., Suite 205
Aurora, Illinois 60502
(888) 958-4529 Ph & Fax

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 9,037 words, excluding the parts of the brief exempted from FED. R. APP. P. 32(a)(7)(B)(iii), determined by using the word count feature on Microsoft Word 2010.

2.      This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 12-point font for the text, 11-point font for footnotes, using Georgia, Microsoft Sans Serif, and Century Schoolbook throughout.

Dated: September 5, 2018

**Jordan TraVaille Hoffman, P.C.**

/s/_____
Jordan T. Hoffman
2711 E. New York St., Suite 205
Aurora, IL 60502
888-958-4529
Plaintiff-Appellant-Mary Madison
Case No. 18-1800

## CERTIFICATE OF SERVICE

The undersigned attorney, hereby certifies that on September 5, 2018, I submitted a copy of the

foregoing PETITIONER-COMPLAINANT OPENING BRIEF IN SUPPORT OF PETITION

FOR REVIEW FROM THE DISMISSAL OF THE OF APPEAL ISSUED BY THE

DEPARTMENT OF LABOR-ADMINISTRATIVE REVIEW BOARD with the UNITED STATES

COURT OF APPEALS FOR THE SEVENTH CIRCUIT in the foregoing matter of Case No.

18-1800 and have served the persons identified on the docket's service list through Notice of

Electronic Filing generated by the Court's CM/ECF system:

/s/ _____

Jordan Hoffman
ARDC-6195896
**Jordan TraVaille Hoffman, P.C.**
2711 E. New York St., Suite 205
Aurora, IL 60502
(888) 958-4529

CIRCUIT RULE 30 (d) STATEMENT

Pursuant to Circuit Rule 30 (d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the Appendix.

Dated September 5, 2018

/s/ _____
Jordan Hoffman
ARDC-6195896
**Jordan TraVaille Hoffman, P.C.**
2711 E. New York St., Suite 205
Aurora, IL 60502
(888) 958-4529

TABLE OF CONTENTS

TO REQUIRED APPENDIX

I.       March 9, 2018 Order Denying Motion for Reconsideration    ......................  RA1

II.      February 15, 2018 Final Decision and Order Dismissing Appeal............  RA7

III.     January 8, 2018 Order to Show Cause   ......................................................…… RA14



IN THE MATTER OF:

MARY MADISON,

        COMPLAINANT,

    v.

KENCO LOGISTICS,

        RESPONDENT.

ARB CASE NO. 18-018

ALJ CASE NO. 2016-FDA-004

DATE: MAR 0 9 2018

BEFORE: THE ADMINISTRATIVE REVIEW BOARD

**Appearances:**

*For the Complainant:*
    Jordan TraVaille Hoffman, Esq.; Aurora, Illinois

*For the Respondent:*
    Jody Wilner Moran, Esq. and Julia P. Argentieri, Esq.; *Jackson Lewis P.C.,* Chicago, Illinois

Before: Joanne Royce, *Administrative Appeals Judge,* and Leonard Howie III, *Administrative Appeals Judge*

## ORDER DENYING MOTION FOR RECONSIDERATION

    On December 17, 2017, Complainant Mary Madison, filed a Petition requesting the Administrative Review Board to review a Department of Labor Administrative Law Judge's Decision and Order Granting Respondent's Motion for Summary Decision on Reconsideration, Cancelling Hearing, and Dismissing Claim (D. & O.), issued on November 22, 2017, in this case arising under the whistleblower protection provisions of the FDA Food Safety Modernization Act, 21 U.S.C.A. § 399d (Thomas Reuters 2013) (FDA). On February 15, 2018, the Administrative Review Board issued a Final Decision and Order Dismissing Appeal (F. D. & O.). The Board held that Madison failed to file a timely petition for review and failed to establish grounds supporting equitable tolling of the limitations period. On March 1, 2018,

Madison filed a Motion for Reconsideration. Finding no grounds justifying reconsideration, we **DENY** the motion.

The ARB generally applies a four-part test to determine whether the movant for reconsideration has demonstrated: (i) material differences in fact or law from that presented to the [ARB] of which the moving party could not have known through reasonable diligence, (ii) new material facts that occurred after the [ARB]'s decision, (iii) a change in the law after the [ARB]'s decision, and (iv) failure to consider material facts presented to the ARB before its decision.[1] Madison has satisfied none of the four parts.

In support of her Motion, Madison avers that the Boards F. D. & O. states that:

> "Respondent Kenco Logistics avers that Madison knew that the ALJ had issued the D. & O., as early as December 1, 2017, five days before the due date for the petition for review, but failed to act diligently by either requesting an extension of time to file her petition or timely filing the petition in the remaining five days." (FD & O Pp.2-3). However, that is patently false. December 1, 2017 represents the date that **Madison's counsel was copied on** an email between April Cook, the paralegal for Judge Sellers and Respondent's counsel in which they discuss a corporate address for **the decision** to be sent to Kenco's Corporate Counsel and that **they copied Madison's counsel on an email** as the email address used by Ms. Cook was missing a "t" in Madison's counsel's address.

Motion for Reconsideration at 1 (emphasis added). The Board's decision is not predicated on the fact that Madison's counsel **read** the decision on December 1, 2017; only that he **had notice** of the decision. Having notice that the Administrative Law Judge had issued "**the decision**," an attorney, exercising the necessary due diligence and knowing of the 14-day deadline for filing a petition for review, would not simply have waited around hoping for the decision to be delivered in time for the filing of a timely petition. Instead, he would have contacted the Judge and requested a copy of the decision. Madison's counsel failed to do so, and thus, failed to act with due diligence.

Furthermore, Madison failed to even address the alternative grounds for the Board's decision, i.e., that Madison failed to file the petition for review within 14 days of the date a second copy was mailed to Madison's counsel.

---

[1] *Friedman v. Columbia Univ.*, ARB No. 12-089, ALJ No. 2012-ERA-008 (ARB Jan. 22, 2014).

Accordingly, failing to demonstrate grounds for reconsideration, Madison's Motion for Reconsideration is **DISMISSED.**

**SO ORDERED.**

_Joanne Royce_
**JOANNE ROYCE**
**Administrative Appeals Judge**

_Leonard J. Howie_
**LEONARD J. HOWIE III**
**Administrative Appeals Judge**

# ADMINISTRATIVE REVIEW BOARD
## CERTIFICATE OF SERVICE

**CASE NAME  :**   *Mary Madison v. Kenco Logistics*

**ARB CASE NO.:**   **18-018**

**ALJ CASE NO. :**   **2016-FDA-00004**

**DOCUMENT   :**   **ORDER**

**A copy of the above-referenced document was sent to the following persons on**

MAR 0 9 2018

_____

*Juanetta Walker*

**CERTIFIED MAIL:**

Mary Madison
9758 S. Charles
Chicago, IL  60643

Jordan TraVaille Hoffman, Esq.
2711 E. New York Ave., Suite 205
Aurora, IL  60502

Scott Simmons, Esq.
Miller and Martin PLLC
832 Georgia Ave., Suite 1000
Chattanooga, TN  37402

Kenco Logistics
1125 West Sycamore Road
Manteno, IL  60950

Tom Crouse
Reg. Supervisory Investigator
USDOL, OSHA, Room 3244
230 South Dearborn Street
Chicago, IL  60604

Julia P. Argentieri, Esq.
Jody Wilner Moran, Esq.
Jackson Lewis, P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**REGULAR MAIL**

Regional Administrator
Region 5
U.S. Department of Labor/ OSHA
Room 3244
230 South Dearborn Street
Chicago, IL 60604

Associate Solicitor
Division of Fair Labor Standards
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W. Room N2716
Washington, D.C. 20210

Chicago Regional Solicitor
Regional Solicitor
U.S. Department of Labor
Room 844
230 South Dearborn Street
Chicago, IL 60604

Director
Director of Whistleblower Protection Programs
U.S. Department of Labor/OSHA
Room N-4618, FPB
200 Constitution Avenue, N.W.
Washington, DC 20210

John P. Seller, III
Administrative Law Judge
Office of Administrative Law Judges
36 E. 7th Street, Suite 2525
Cincinnati, Ohio 45202

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC  20001-8001



IN THE MATTER OF:

MARY MADISON,                    **ARB CASE NO.  18-018**

          **COMPLAINANT,**     **ALJ CASE NO.  2016-FDA-004**

    v.                           **DATE:**   FEB 1 5 2018

KENCO LOGISTICS,

         **RESPONDENT.**

**BEFORE:     THE ADMINISTRATIVE REVIEW BOARD**

**Appearances:**

*For the Complainant:*
    **Jordan TraVaille Hoffman, Esq.; Aurora, Illinois**

*For the Respondent:*
    **Jody Wilner Moran, Esq. and Julia P. Argentieri, Esq.;** *Jackson Lewis P.C.,* **Chicago, Illinois**

Before:    **Joanne Royce,** *Administrative Appeals Judge,* **and Leonard Howie III,** *Administrative Appeals Judge*


## FINAL DECISION AND ORDER DISMISSING APPEAL

On December 17, 2017, Complainant Mary Madison, filed a Petition requesting the Administrative Review Board to review a Department of Labor Administrative Law Judge's Decision and Order Granting Respondent's Motion for Summary Decision on Reconsideration, Cancelling Hearing, and Dismissing Claim (D. & O.), issued on November 22, 2017, in this case arising under the whistleblower protection provisions of the FDA Food Safety Modernization Act, 21 U.S.C.A. § 399d (Thomas Reuters 2013) (FDA).  The Secretary of Labor has delegated authority to issue final agency decisions under the FDA to the Administrative Review Board.[1]  A

---

[1]     Secretary's Order No. 2-2012 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 77 Fed. Reg. 69,378 (Nov. 16, 2012).

party must file a petition for review within fourteen days of the date of the ALJ's decision.[2] The date of the postmark, facsimile transmittal, or electronic communication transmittal will be considered to be the date of filing; if the petition is filed in person, by hand-delivery or other means, the petition is considered filed upon the date the petition is received.[3]

Madison filed her petition for review more than fourteen days after the ALJ issued his Order. Nevertheless, "the Board's authority includes the discretionary authority to review interlocutory rulings in **exceptional** circumstances . . . ."[4] The period for filing a petition for review with the ARB is not jurisdictional and therefore is subject to equitable modification.[5] In determining whether the Board should toll a statute of limitations, we have recognized four principal situations in which equitable modification may apply: (1) when the defendant has actively misled the plaintiff regarding the cause of action; (2) when the plaintiff has in some extraordinary way been prevented from filing his action; (3) when the plaintiff has raised the precise statutory claim in issue but has done so in the wrong forum, and (4) where the defendant's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights.[6] But the Board has not found these situations to be exclusive, and an inability to satisfy one is not necessarily fatal to Madison's claim.[7] Nevertheless, we hold that Madison has failed to demonstrate entitlement to equitable tolling here.

Madison bears the burden of justifying the application of equitable tolling principles.[8] Accordingly, we ordered Madison to show cause, why the petition should not be dismissed as untimely. In response, Madison avers that the ALJ originally served his decision on Madison's counsel at an incorrect address. When the ALJ became aware of the error, on December 1, 2017, the ALJ re-served the decision addressed correctly. Madison claims that her petition for review was timely because it was filed on December 17, 2017, within fourteen days of the date when her counsel **received** the decision at the correct address on December 6, 2017.

In reply to Madison's response, Respondent Kenco Logistics avers that Madison knew that the ALJ had issued the D. & O. as early as December 1, five days before the due date for the petition for review, but failed to act diligently by either requesting an extension of time to file her

---

[2]     29 C.F.R. § 1987.110(a)(2017).

[3]     *Id.*

[4]     Secretary's Order No. 2-2012 at 77 Fed Reg. 69,379 at ¶ 5(c)(66) (emphasis added).

[5]     *Accord Hillis v. Knochel Bros.*, ARB Nos. 03-136, 04-081, 04-148; ALJ No. 2002-STA-050, slip op. at 3 (ARB Oct. 19, 2004); *Overall v. Tennessee Valley Auth.*, ARB No. 98-011, ALJ No. 1997-ERA-053, slip op. at 40-43 (ARB Apr. 30. 2001).

[6]     *Selig v. Aurora Flight Sciences,* ARB No.10-072, ALJ No. 2010-AIR-010, slip op. at 3 (ARB Jan. 28, 2011).

[7]     *Id.* at 4.

[8]     *Accord Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (complaining party in Title VII case bears burden of establishing entitlement to equitable tolling).

petition or timely filing the petition in the remaining five days. Further Kenco argues that even if the time for filing was tolled until the ALJ served the second copy of the decision, Madison's petition for review was untimely because it was not filed within 14 days of the date on which the decision was served.

The Board has consistently held that "equitable tolling is generally not appropriate when a complainant is represented by counsel because counsel is "presumptively aware of whatever legal recourse may be available to [his or her] client.'"[9] Thus, attorney error does not constitute an extraordinary factor because "'[u]ltimately, clients are accountable for the acts and omissions of their attorneys.'"[10]

Furthermore, "extraordinary circumstances" is a very high standard that is satisfied only in cases in which even the exercise of diligence would not have resulted in timely filing.[11] Madison's counsel was informed no later than December 1, 2017, that the ALJ had issued his decision. He had five days of the original fourteen in which to act and two legitimate choices— he could either file the petition for review or he could file a motion for an enlargement of time to file the petition for review—he did neither. Instead, he unilaterally decided, without consulting the Board, that (1) Madison was entitled to toll the due date for filing because the original decision was sent to the wrong address, and (2) that he had fourteen days from the date he received the decision, rather than fourteen days from the date the ALJ issued it, to file the petition.[12] Counsel was incorrect on both counts. Had Madison's counsel contacted the Board and explained the reasons for requiring an enlargement of time, it is likely that the Board would have granted the request, but he failed to ask for such an enlargement and thereby has failed to establish due diligence.

---

[9] *Nevarez v. Werner Enters.,* ARB No. 18-005, ALJ No. 2013-STA-012, slip. op. at 2-3 (ARB Dec. 14, 2017) (*quoting Brown v. Synovus Fin. Corp.,* ARB No. 17-037, ALJ No. 2015-SOX-018, slip op. at 3 (ARB May 17, 2017)). See also *Sysko v. PPL Corp.,* ARB No. 06-138, ALJ No. 2006-ERA-023, slip op. at 5 (ARB May 27, 2008)(*quoting Mitchell v. EG&G,* No. 1987-ERA-022, slip op. at 8 (Sec'y July 22, 1993)).

[10] *Id. (quoting Higgins v. Glen Raven Mills, Inc.,* ARB No 05-143, ALJ No. 2005-SDW-007, slip op. at 9 (ARB Sept. 29, 2006)).

[11] *Romero v. The Coca Cola Co.,* ARB No. 10-095, ALJ No. 2010-SOX-021, slip op. at 5 (ARB Sept. 30, 2010). *Accord Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999)("complete psychiatric disability" during the entirety of the limitations period); *Alvarez-Machain v. United States,* 107 F.3d 696 (9th Cir. 1996) (incarceration in a foreign country for the entirety of the limitations period).

[12] *Accord Bohanon v. Grand Trunk W. R.R.,* ARB No. 16-048, ALJ No. 2014-FRS-003, slip op. at 3 (ARB Apr. 27, 2016)(Attorney who erroneously filed petition for review within 14 days of receipt, rather than 14 days of issuance of the ALJ's decision, demonstrated at most garden variety mistake, rather than the required extraordinary circumstances.).

## CONCLUSION

Accordingly, because Madison failed to timely file her petition for review and has not established grounds for equitable tolling, we **DISMISS** her appeal.


**SO ORDERED.**

JOANNE ROYCE
**Administrative Appeals Judge**

LEONARD J. HOWIE III
**Administrative Appeals Judge**

## ADMINISTRATIVE REVIEW BOARD
## CERTIFICATE OF SERVICE

**CASE NAME** : *Mary Madison v. Kenco Logistics*

**ARB CASE NO.:** **18-018**

**ALJ CASE NO. :** **2016-FDA-00004**

**DOCUMENT** : **ORDER**

**A copy of the above-referenced document was sent to the following persons on**

FEB 1 5 2018

_____ .

*Juanitta Walker*

**CERTIFIED MAIL:**

Mary Madison
9758 S. Charles
Chicago, IL 60643

Jordan TraVaille Hoffman, Esq.
2711 E. New York Ave., Suite 205
Aurora, IL 60502

Scott Simmons, Esq.
Miller and Martin PLLC
832 Georgia Ave., Suite 1000
Chattanooga, TN 37402

Kenco Logistics
1125 West Sycamore Road
Manteno, IL 60950

Tom Crouse
Reg. Supervisory Investigator
USDOL, OSHA, Room 3244
230 South Dearborn Street
Chicago, IL 60604

Julia P. Argentieri, Esq.
Jody Wilner Moran, Esq.
Jackson Lewis, P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**REGULAR MAIL**

Regional Administrator
Region 5
U.S. Department of Labor/ OSHA
Room 3244
230 South Dearborn Street
Chicago, IL 60604

Associate Solicitor
Division of Fair Labor Standards
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W. Room N2716
Washington, D.C. 20210

Chicago Regional Solicitor
Regional Solicitor
U.S. Department of Labor
Room 844
230 South Dearborn Street
Chicago, IL 60604

Director
Director of Whistleblower Protection Programs
U.S. Department of Labor/OSHA
Room N-4618, FPB
200 Constitution Avenue, N.W.
Washington, DC 20210

John P. Seller, III
Administrative Law Judge
Office of Administrative Law Judges
36 E. 7th Street, Suite 2525
Cincinnati, Ohio 45202

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC  20001-8001

**U.S. Department of Labor**     Administrative Review Board
200 Constitution Avenue, N.W.
Washington, D.C. 20210



IN THE MATTER OF:

MARY MADISON,                                    ARB CASE NO. 18-018

            COMPLAINANT,              ALJ CASE NO. 2016-FDA-004

   v.                                            DATE:    JAN - 8 2018

KENCO LOGISTICS,

          RESPONDENT.

BEFORE:     THE ADMINISTRATIVE REVIEW BOARD

## ORDER TO SHOW CAUSE

On December 17, 2017, Complainant Mary Madison, filed a Petition requesting the Administrative Review Board to review a Department of Labor Administrative Law Judge's Decision and Order Granting Respondent's Motion for Summary Decision on Reconsideration, Cancelling Hearing, and Dismissing Claim, issued on November 22, 2017, in this case arising under the whistleblower protection provisions of the FDA Food Safety Modernization Act, U.S.C. § 399d (FDA). The Secretary of Labor has delegated authority to issue final agency decisions under the FDA to the Administrative Review Board.[1] A party must file a petition for review within fourteen days of the date of the ALJ's decision. The date of the postmark, facsimile transmittal, or electronic communication transmittal will be considered to be the date of filing; if the petition is filed in person, by hand-delivery or other means, the petition is considered filed upon the date the petition is received.[2]

Madison filed her petition for review more than fourteen days after the ALJ issued his Order. Accordingly, there is a question regarding the timeliness of her petition.

---

[1]     Secretary's Order No. 2-2012 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 77 Fed. Reg. 69,378 (Nov. 16, 2012).

[2]     29 C.F.R. § 1987.110(a)(2016).

Nevertheless, the period for filing a petition for review with the ARB is not jurisdictional and therefore is subject to equitable modification.[3]  In determining whether the Board should toll a statute of limitations, we have recognized four principal situations in which equitable modification may apply:  (1) when the defendant has actively misled the plaintiff regarding the cause of action; (2) when the plaintiff has in some extraordinary way been prevented from filing his action; (3) when the plaintiff has raised the precise statutory claim in issue but has done so in the wrong forum, and (4) where the defendant's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights.[4]  But the Board has not found these situations to be exclusive, and an inability to satisfy one is not necessarily fatal to Madison's claim.[5]

Madison bears the burden of justifying the application of equitable tolling principles.[6]  Accordingly, we order Madison to **SHOW CAUSE**, within **fourteen (14)** days of the date of this order, why the petition should not be dismissed as untimely.  If Madison fails to timely respond to this Show Cause Order, the Board may dismiss her appeal without further notice.  Respondent Kenco Logistics may file a reply to Madison's response within **fourteen (14) days** of the date on which Madison files her response.

**FOR THE ADMINISTRATIVE REVIEW BOARD:**

**Janet R. Dunlop**
**General Counsel**

**Note:  Questions regarding any case pending before the Board should be directed to the Board's Paralegal Specialists:**

Telephone:  (202) 693-6200
Facsimile:  (202) 693-6220

---

[3]     *Accord Hillis v. Knochel Bros.*, ARB Nos. 03-136, 04-081, 04-148; ALJ No. 2002-STA-050, slip op. at 3 (ARB Oct. 19, 2004); *Overall v. Tennessee Valley Auth.*, ARB No. 98-011, ALJ No. 1997-ERA-053, slip op. at 40-43 (ARB Apr. 30, 2001).

[4]     *Selig v. Aurora Flight Sciences,* ARB No.10-072, ALJ No. 2010-AIR-010, slip op. at 3 (ARB Jan. 28, 2011).

[5]     *Id.* at 4.

[6]     *Accord Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (complaining party in Title VII case bears burden of establishing entitlement to equitable tolling).

# ADMINISTRATIVE REVIEW BOARD
## CERTIFICATE OF SERVICE

**CASE NAME** : *Mary Madison v. Kenco Logistics*

**ARB CASE NO.:** **18-018**

**ALJ CASE NO. :** **2016-FDA-00004**

**DOCUMENT** : **ORDER**

**A copy of the above-referenced document was sent to the following persons on**

JAN – 8 2018

_____.

## CERTIFIED MAIL:

Mary Madison
9758 S. Charles
Chicago, IL 60643

Jordan TraVille Hoffman, Esq.
11528 S. Halsted Street
Chicago, IL 60628

Scott Simmons, Esq.
Miller and Martin PLLC
832 Georgia Ave., Suite 1000
Chattanooga, TN 37402

Kenco Logistics
1125 West Sycamore Road
Manteno, IL 60950

Tom Crouse
Reg. Supervisory Investigator
USDOL, OSHA, Room 3244
230 South Dearborn Street
Chicago, IL 60604

Julia P. Argentieri, Esq.
Jody Wilner Moran, Esq.
Jackson Lewis, P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

**REGULAR MAIL**

Regional Administrator
Region 5
U.S. Department of Labor/ OSHA
Room 3244
230 South Dearborn Street
Chicago, IL 60604

Associate Solicitor
Division of Fair Labor Standards
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W. Room N2716
Washington, D.C. 20210

Chicago Regional Solicitor
Regional Solicitor
U.S. Department of Labor
Room 844
230 South Dearborn Street
Chicago, IL 60604

Director
Director of Whistleblower Protection Programs
U.S. Department of Labor/OSHA
Room N-4618, FPB
200 Constitution Avenue, N.W.
Washington, DC 20210

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC 20001-8001