No. 18-1800

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

MARY MADISON,
Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR,
Respondent.

---

On Petition for Review of the Final Decision and Order of the
United States Department of Labor's Administrative Review Board

---

BRIEF FOR THE SECRETARY OF LABOR

---

KATE S. O'SCANNLAIN
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

WILLIAM C. LESSER
Deputy Associate Solicitor

MEGAN E. GUENTHER
Counsel for Whistleblower Programs

ROSEMARY ALMONTE
Attorney

ORAL ARGUMENT
NOT REQUESTED

U.S. Department of Labor
200 Constitution Ave, NW, N-2716
Washington, DC 20210
(646) 264-3699

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ..........................................................................1

STATEMENT OF THE ISSUE..............................................................................2

STATEMENT OF THE CASE................................................................................3

    A.    Nature of the case ....................................................................3

    B.    Statement of the facts and course of proceedings ..................4

        1.    The ALJ's decisions......................................................5

        2.    Service of the ALJ's decision ......................................6

    C.    The Board's dismissal of Madison's claim ...........................7

    D.    Madison's motion for reconsideration ...................................9

    E.    The Board's denial of reconsideration .................................10

SUMMARY OF THE ARGUMENT ....................................................................11

ARGUMENT ......................................................................................................13

The Board Properly Decided that Madison's Petition for Review was
Time-Barred Because It was Filed After the Limitations Period Elapsed and
There Were No Grounds for Equitable Tolling of the Limitations Period.............13

    A.    Standard of review...............................................................13

    B.    The Board correctly concluded that Madison's Petition for Review
was untimely filed ...............................................................14

    C.    The Board acted within its discretion in holding that equitable
tolling was not warranted ....................................................16

CONCLUSION....................................................................................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*Abraham Lincoln Mem'l Hosp. v. Sebelius*,
    698 F.3d 536 (7th Cir. 2012) ..........................................................................14

*Arteaga v. United States*,
    711 F.3d 828 (7th Cir. 2013) ..........................................................................21

*Blanche v. United States*,
    811 F.3d 953 (7th Cir. 2016) ................................................................. 12, 16

*Cada v. Baxter Healthcare Corp.*,
    920 F.2d 446 (7th Cir. 1990) ................................................................. 18, 22

*Carpenter v. Douma*,
    840 F.3d 867 (7th Cir. 2016) ..........................................................................14

*Credit Suisse Secs. (USA) LLC v. Simmonds*,
    566 U.S. 221 (2012)............................................................................... 12, 16

*Dana Container, Inc. v. Sec'y of Labor*,
    847 F.3d 495 (7th Cir. 2017) ..........................................................................13

*Gladney v. Pollard*,
    799 F.3d 889 (7th Cir. 2015) ................................................................. 16, 21

*Gray v. DAL Glob.*,
    ARB No. 10-122, 2010 WL 3448546 (ARB Aug. 31, 2010) ......................19

*Lombardo v. United States*,
    860 F.3d 547 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018) ............14

*Lozano v. Montoya Alvarez*,
    134 S. Ct. 1224 (2014)..................................................................................16

**Page**

**Cases, continued:**

*Mach Mining, LLC v. Sec'y of Labor, Mine Safety & Health Admin.*,
    728 F.3d 643 (7th Cir. 2013) ........................................................................13

*Mary Madison v. Kenco Logistics*,
    ARB No. 18-018, 2018 WL 2927681 (ARB Feb. 15, 2018) ............... passim

*Moultrie v. Penn Aluminum Int'l, LLC*,
    766 F.3d 747 (7th Cir. 2014) ........................................................................18

*Nevarez v. Werner Enters.*,
    ARB No. 18-005, 2017 WL 9532024 (ARB Dec. 14, 2017) ........................9

*Obriecht v. Foster*,
    727 F.3d 744 (7th Cir. 2013) ........................................................................14

*Orchard Hill Bldg. Co. v. U.S. Army Corps of Eng'rs*,
    893 F.3d 1017 (7th Cir. 2018) ......................................................................13

*Roadway Express, Inc. v. U.S. Dep't of Labor*,
    612 F.3d 660 (7th Cir. 2010) ........................................................................13

*Romero v. Coca Cola Co.*,
    ARB No. 10-095, 2010 WL 3910348 (ARB Sept. 30, 2010) ................. 9, 18

*Selig v. Aurora Flight Scis.*,
    ARB No. 10-072, 2011 WL 327982 (ARB Jan. 28, 2011) ..................... 7, 17

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*,
    782 F.3d 922 (7th Cir. 2015) ............................................................... passim

*Simms v. Acevedo*,
    595 F.3d 774 (7th Cir. 2010) ........................................................................17

*Tilden v. Comm'r of Internal Revenue*,
    846 F.3d 882 (7th Cir. 2017) ........................................................................16

Page

**Cases, continued:**

Yuan Gao v. Mukasey,
519 F.3d 376 (7th Cir. 2008) .......................................... 12, 16, 18

Zero Zone, Inc. v. U.S. Dep't of Energy,
832 F.3d 654 (7th Cir. 2016) ....................................................13

**Statutes:**

Administrative Procedure Act,
5 U.S.C. 706(2)(A) ....................................................................13

Food, Drug, and Cosmetic Act,
21 U.S.C. 399d.............................................................................1
21 U.S.C. 399d(5)(A) ............................................................ 2, 13
21 U.S.C. 399d(a)........................................................................3
21 U.S.C. 399d(b)(1) ...................................................................3
21 U.S.C. 399d(b)(5) ...................................................................4

**Code of Federal Regulations:**

29 C.F.R. Part 18 ......................................................................20
29 C.F.R. Part 18, subpart A.......................................................3
29 C.F.R. 18.4............................................................................15

29 C.F.R. Part 1987 ........................................................ 1, 3, 20
29 C.F.R. 1987.100(b) ..............................................................20
29 C.F.R. 1987.103(b) ................................................................3
29 C.F.R. 1987.104(a) ................................................................3
29 C.F.R. 1987.105(a) ................................................................3
29 C.F.R. 1987.106(a) .............................................................3, 5
29 C.F.R. 1987.107(a) .............................................................3-4
29 C.F.R. 1987.109 ...................................................................20
29 C.F.R. 1987.109(e) ........................................................... 4, 14
29 C.F.R. 1987.110 ...................................................................20
29 C.F.R. 1987.110(a) ....................................................... passim
29 C.F.R. 1987.110(b) ......................................................... 4, 11, 14
29 C.F.R. 1987.112........................................................................2

**Page**

**Code of Federal Regulations, Continued:**

    29 C.F.R. 1987.112(a) ....................................................................................4

**Other Authorities:**

FDA Food Safety Modernization Act,
    Pub. L. 111-353, 402 Stat. 3885 ...................................................................1

Secretary of Labor's Order No. 2-2012 (October 19, 2012),
    77 Fed. Reg. 69,378, 2012 WL 5561513 (Nov. 16, 2012) (Final Rule) ........2

Secretary of Labor's Order No. 1-2012 (Jan. 18, 2012),
    77 Fed. Reg. 3,912, 2012 WL 194561 (Jan. 25, 2012) (Final Rule)..............3

Rules of Practice and Procedure for Administrative Hearings Before
    the Office of Administrative Law Judges, 29 C.F.R. Part 18,
    https:///www.oalj.dol.gov/LIBRULES.HTM .................................................15

Occupational Safety and Health Administration, Procedures for
    Handling Retaliation Complaints Under Section 402 of
    the FDA Food Safety Modernization Act,
        81 Fed. Reg. 22,530-01, 22,536 (Apr. 16, 2016) ......................... 19, 20

No. 18-1800

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

MARY MADISON,
Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR,
Respondent.

On Petition for Review of the Final Decision and Order of the
United States Department of Labor's Administrative Review Board

BRIEF FOR THE SECRETARY OF LABOR

## JURISDICTIONAL STATEMENT

This case arises under the employee protection provisions of section 402 of the Food, Drug, and Cosmetic Act, section 1013, as amended by the FDA Food Safety Modernization Act, section 402 of Public Law 111-353, 21 U.S.C. 399d (hereinafter "the Act" or "the FSMA"), and its implementing regulations, 29 C.F.R. Part 1987. The Secretary of Labor ("Secretary") had subject matter jurisdiction based on a complaint filed on September 10, 2013 with the Occupational Safety and Health Administration ("OSHA") by Mary Madison ("Madison") against her former employer, Kenco Logistics ("Kenco"), under 21 U.S.C. 399d.

On February 15, 2018, the Administrative Review Board ("the Board" or "the ARB") issued a Final Decision and Order Dismissing Madison's Untimely Appeal.[1] On March 9, 2018, the Board issued an Order Denying the Motion for Reconsideration, denying Madison's motion for reconsideration of the February 15, 2018 order. On April 16, 2018, Madison filed a timely Petition for Review with this Court, which has jurisdiction to review the Secretary's final order because Madison resided in Illinois, where the violation allegedly occurred, at the time of the alleged violation. 21 U.S.C. 399d(5)(A) (review of final order of the Secretary may be obtained in the court of appeals of the circuit in which the violation allegedly occurred or in which the complainant resided on the date of the violation); 29 C.F.R. 1987.112.

## STATEMENT OF THE ISSUE

Whether the Board correctly found that Madison failed to file her petition for review with the Board within the applicable limitations period and whether the Board acted within its discretion in holding that her justifications for the untimely filing were insufficient to warrant equitable tolling of the limitations period?

---

[1] The Secretary has delegated authority to the Board to issue final agency decisions under the employee provisions of the FSMA. Secretary of Labor's Order No. 2-2012 (October 19, 2012), 77 Fed. Reg. 69,378, 2012 WL 5561513 (Nov. 16, 2012); 29 C.F.R. 1987.110(a).

## STATEMENT OF THE CASE

**A.     Nature of the case**

The FSMA provides whistleblower protection to employees of entities that are "engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food." 21 U.S.C. 399d(a). An employee who believes that he has been subjected to retaliation for lawful whistleblowing under the FSMA may file a complaint with the Secretary. 21 U.S.C. 399d(b)(1). A whistleblower complaint must be filed with the Secretary within 180 days of the alleged violation. *Id.* The Secretary has delegated responsibility for receiving and investigating whistleblower complaints under the FMSA to the Assistant Secretary for Occupational Safety and Health. Secretary of Labor's Order No. 1-2012 (Jan. 18, 2012), 77 Fed. Reg. 3,912, 2012 WL 194561 (Jan. 25, 2012); 29 C.F.R. 1987.103(b), .104(a). Following an investigation, OSHA issues a determination either dismissing the complaint or finding retaliation and ordering appropriate relief. 29 C.F.R. 1987.105(a).

Either the complainant or the respondent may file objections to OSHA's determination within 30 days and request a de novo hearing before a Department of Labor Administrative Law Judge ("ALJ"). 29 C.F.R. 1987.106(a). Except as provided in 29 C.F.R. Part 1987, proceedings before the ALJ under the FSMA are governed by the procedures in 29 C.F.R. Part 18, subpart A. 29 C.F.R.

1987.107(a). The ALJ may hold a hearing in the case or decide the case on

dispositive motions if appropriate. The ALJ's decision is subject to discretionary

review by the Board. 29 C.F.R. 1987.110(a). Any party seeking such review must

file a petition for review with the Board within 14 days of the date of the ALJ's

decision. *Id.* If no timely petition for review is filed with the Board, the ALJ's

decision in the case becomes a final order of the Secretary that is not subject to

judicial review. 29 C.F.R. 1987.109(e), .110(b). If a petition for review is filed and

the Board accepts review, the Board's decision is the final order of the Secretary

reviewable in the court of appeals for the circuit in which the violation allegedly

occurred or in which the complainant resided on the date of the alleged violation.

21 U.S.C. 399d(b)(5); 29 C.F.R. 1987.112(a).

**B.    Statement of the facts and course of proceedings**

Madison worked as a quality engineer at Kenco from May 13, 2013 until

August 9, 2013, when she was discharged. S.A. § X, at SA-51.[2] She alleges that

she suffered adverse actions throughout her employment at Kenco as a result of

engaging in protected activity. *Id.* at SA-50. More specifically, she alleges that she

reported food safety concerns to Kenco and that she suffered adverse actions, such

_____

[2] The citations to the administrative record in this brief are to the documents in the
Required Appendix of Plaintiff-Appellant ("R.A."), Docket No. 22, to the Separate
Appendix of Plaintiff-Appellant ("S.A."), Docket No. 23, and to the Supplemental
Appendix filed with this Brief ("Suppl. App.").

as being placed on a performance improvement plan, as a result of that protected activity. *Id.* On September 10, 2013, Madison filed a complaint with OSHA pursuant to the FSMA, alleging that her employment was terminated in retaliation for engaging in a protected activity. *Id.* at SA-50. On February 16, 2016, OSHA dismissed the complaint, finding that Kenco fired Madison for poor performance and not for engaging in protected activities. *Id.*

### 1.     The ALJ's decisions

Madison timely requested a hearing pursuant to 29 C.F.R. 1987.106(a) on March 21, 2016. S.A. § X, at SA-50. A formal hearing in front of the ALJ was scheduled for September 13, 2017. *Id.* On August 11, 2017, Kenco filed a Motion for Summary Decision, which was denied because there was insufficient time for Madison to respond to the motion or for the ALJ to rule on the motion prior to the hearing. *Id.* On August 23, 2017, Kenco filed an Unopposed Motion for a Short Extension of the Hearing Dates. *Id.* at SA-51. On that same day, Kenco moved for reconsideration of the ALJ's August 16, 2017 decision denying its Motion for Summary Decision. *Id.* The ALJ then issued an order continuing the hearing until December 11, 2017. *Id.* Madison then filed her response to Kenco's Motion for Decision on Reconsideration on October 2, 2017. *Id.*

On November 22, 2017, the ALJ granted Respondent's Motion for Decision on Reconsideration on the grounds that there was no genuine issue of fact

regarding whether Madison's protected activity was a contributing factor in Kenco's decision to terminate Madison. S.A. § X, at SA-74. Moreover, the ALJ found that, even if Madison had not engaged in protected activity, Kenco would have taken the same adverse action against her based on legitimate, non-discriminatory reasons. *Id.*

### 2. Service of the ALJ's decision

The ALJ's November 22, 2017 order was mailed to Madison's counsel's former mailing address and was returned undeliverable to the Office of Administrative Law Judges ("OALJ"). S.A. § VI, at SA-18. On Friday, December 1, 2017, Kenco's counsel copied Madison's counsel on an e-mail informing April Cook, Paralegal Specialist at the OALJ, of Kenco's updated mailing address. *Id.* This e-mail also indicated that the copy of the ALJ's decision that was mailed to Madison's counsel was returned undelivered and that a second copy was sent to Madison's counsel's updated address by December 1, 2017. *Id.* Although Madison's counsel previously engaged in e-mail communication with the OALJ concerning service of an earlier decision, *see* S.A. § XII, at SA-85, there is no indication, nor does Madison claim, that Madison's counsel contacted the OALJ to obtain a copy of the decision rendered by the ALJ, *see* S.A. § VI, at SA-18.

The second copy of the ALJ's November 22, 2017 decision was delivered to Madison's counsel on December 6, 2017 by U.S. Mail. S.A. § IV at SA-14. On

December 17, 2017, Madison filed her petition for review with the Board.
S.A. § IX at SA-40.

## C.    The Board's dismissal of Madison's claim

Because Madison's Petition for Review was not filed within 14 days of the
ALJ's decision, the Board issued an Order to Show Cause why the petition should
not be dismissed as untimely on January 8, 2018. R.A. § III, at RA-14-16. In its
Order, the Board noted that the period for filing a petition for review is not
jurisdictional and therefore subject to equitable modification and listed the "four
principal situations in which equitable modification may apply." *Id.* (*citing Selig v.
Aurora Flight Scis.*, ARB No. 10-072, 2011 WL 327982, at *3 (ARB Jan. 28,
2011)).

On January 22, 2018, Madison responded to the Order to Show Cause.
S.A. § VI at SA-29. In her response, Madison argued that service of the ALJ's
November 22, 2017 order was defective because it was mailed to Madison's
counsel at an incorrect address. *Id.* Madison also argued that her petition was
timely because it was filed within 14 days of receipt of the ALJ's order: the second
copy of the ALJ's decision reached Madison's counsel by U.S. Mail on December
6, 2017 and she filed the Petition for Review eleven days later. *Id.* at SA-30.

In her response, Madison acknowledged that, by December 1, 2017, her
counsel received e-mail notification that the OALJ mailed the ALJ's decision to an

7

outdated address and that the decision was returned undeliverable. S.A. § VI at

SA-32. In that e-mail, Ms. Cook stated that a second copy was sent to Madison's

counsel by U.S. Mail. *Id.* at SA-33. Madison however, offered no explanation for

her counsel's decision not to request a copy of the ALJ's decision upon receipt of

the e-mail or submit a request for an extension of time to file a petition for review,

either on December 1, 2017, when Madison's counsel was copied on e-mail

correspondence between Kenco's counsel and the OALJ, or on December 6, 2017,

when Madison's counsel received the second hard copy of the ALJ's decision by

U.S. Mail.

On February 5, 2018, Kenco responded to the Order to Show Cause, arguing

that Madison did not identify any appropriate basis to apply equitable tolling and

highlighting that Madison's counsel received notice that a decision was rendered

on December 1, 2017, and thus could not argue that the delay was attributable to an

extraordinary circumstance. S.A. § V at SA-22.

On February 15, 2018, the Board issued a Decision and Order Dismissing

Untimely Appeal. *Mary Madison v. Kenco Logistics*, ARB No. 18-018, 2018 WL

2927681 (ARB Feb. 15, 2018). First, the Board noted that the petition for review

was not filed within 14 days of issuance of the ALJ's decision. Second, the Board

refused to exercise its discretion to equitably toll the filing deadline. In refusing to

toll the deadline for extraordinary circumstances, the Board noted that attorney

error "does not constitute an extraordinary factor because '[u]ltimately, clients are accountable for the acts and omissions of their attorneys'." *Madison*, 2018 WL 2927681, at *2 (*citing Nevarez v. Werner Enters.*, ARB No. 18-005, 2017 WL 9532024, at *1-2 (ARB Dec. 14, 2017)). The Board also noted that "extraordinary circumstances" is a very high standard that requires a showing that "even the exercise of diligence would not have resulted in a timely filing." *Id.* (*citing Romero v. Coca Cola Co.*, ARB No. 10-095, 2010 WL 3910348, at *3 (ARB Sept. 30, 2010)). The Board concluded that this high standard was not met because Madison's counsel did not contact the Board after he was informed on December 1, 2017 that the ALJ issued his decision. *Id.* "Instead, he unilaterally decided, without consulting the Board, that (1) Madison was entitled to toll the due date for filing because the original decision was sent to the wrong address, and (2) that he had fourteen days from the date he received the decision, rather than fourteen days from the date the ALJ issued it, to file the petition." *Id*.

### D.     Madison's motion for reconsideration

On February 28, 2018, Madison filed her Motion for Reconsideration. S.A. § IV at SA-13. In the Motion for Reconsideration, Madison argued that the Board erred in finding that Madison had notice on December 1, 2017 because the e-mail correspondence does not attach the ALJ's order or discuss the disposition of the ALJ's order. *Id.* at SA-14. Thus, Madison argued, she exercised due diligence

in filing her Petition for Review and met her burden of showing exceptional circumstances. *Id.* at SA-14. On March 9, 2018, Kenco filed its Response in Opposition to Complainant's Motion for Reconsideration. S.A. § III at SA-8. Arguing that Madison's Motion for Reconsideration was procedurally improper, Kenco urged the Board to either refuse to consider Madison's motion or deny it. *Id.* at SA-9.

## E.    The Board's denial of reconsideration

On March 9, 2018, the Board denied the Motion for Reconsideration because Madison presented no grounds justifying reconsideration. R.A. § I, at RA-1-3. Citing Madison's motion for reconsideration, the Board further noted that its decision was predicated on Madison's counsel receiving notice of the ALJ's decision on December 1, 2017, noting that:

> Having notice that the Administrative Law Judge had issued "the decision," an attorney, exercising the necessary due diligence and knowing of the 14-day deadline for filing a petition for review, would not simply have waited around hoping for the decision to be delivered in time for the filing of a timely petition. Instead, he would have contacted the Judge and requested a copy of the decision. Madison's counsel failed to do so, and thus, failed to act with due diligence.

*Id.* Providing an alternate basis for its decision, the Board also found that Madison also failed to file her Petition for Review within 14 days after the second copy was mailed to Madison's counsel. *Id.*

Madison timely filed an appeal with this Court on April 16, 2018.

10

## SUMMARY OF THE ARGUMENT

Under the employee protection provisions of the FSMA, ALJ decisions are subject to discretionary review by the Board. 29 C.F.R. 1987.110(a). Any party seeking such review must file a petition for review with the Board within 14 days of the date of the ALJ's decision. *Id.* If no timely petition for review is filed with the Board, the ALJ's decision in the case becomes a final order of the Secretary that is not subject to judicial review. 29 C.F.R. 1987.110(b). Madison filed her Petition for Review after the 14-day deadline.

According to Madison, her petition for review was timely filed because deficient service by the OALJ caused the statute of limitations to begin running on the date that her counsel received the ALJ's decision on December 6, 2017. The Board, however, correctly found that the applicable limitations period began to run on November 22, 2017, the date the ALJ's decision was issued. The Board also found that the OALJ effectively corrected any defect and that Madison received notice of the ALJ's decision on December 1, 2017. Thus, the Board properly concluded, even if the defective service impacted the statute of limitations, Madison still failed to file her petition for review within fourteen days.

The 14-day period for filing a petition for review is not jurisdictional and therefore can be subject to equitable tolling. The Seventh Circuit has held that the doctrine of equitable tolling "creates a defense to statutes of limitations and other

nonjurisdictional filing deadlines for cases in which, despite due diligence, the plaintiff cannot sue within the statutory deadline . . . ." *Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008). Generally, to establish that a deadline should be equitably tolled, the plaintiff bears the burden of establishing that (1) she "diligently" pursued her claim; and (2) "some extraordinary circumstances" prevented her from timely filing her complaint. *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016) (*citing Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).

Madison's counsel knew on December 1, 2017 that the ALJ had rendered a decision because he was copied on an e-mail from Kenco's counsel that discussed this decision and indicated that it had been mailed to his current address. Thereafter, Madison's counsel took no steps to obtain a copy of the decision or an extension of time to file a petition for review. Instead, he simply waited to receive the decision in the mail and unilaterally decided that he had 14 days from receipt of the decision to file a petition for review with the Board. Madison thus failed to demonstrate that she exercised due diligence to timely file her petition for review. Accordingly, the Board properly dismissed her petition for review as untimely.

## ARGUMENT

The Board Properly Decided that Madison's Petition for Review was Time-Barred Because It was Filed After the Limitations Period Elapsed and There Were No Grounds for Equitable Tolling of the Limitations Period

### A.     Standard of review

Judicial review under the FSMA is governed by the Administrative Procedure Act. *See* 21 U.S.C. 399d(5)(A). Under this deferential standard, the Court will uphold the ARB's decision unless it is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A). The Board's conclusions of law are reviewed de novo. *Mach Mining, LLC v. Sec'y of Labor, Mine Safety & Health Admin.*, 728 F.3d 643, 659 (7th Cir. 2013). This Court must uphold the Board's factual findings if they are supported by substantial evidence. *Roadway Express, Inc. v. U.S. Dep't of Labor*, 612 F.3d 660, 664 (7th Cir. 2010). The Board's findings are supported by substantial evidence if the Board relied on "'such relevant evidence as a reasonable mind might accept as adequate to support the conclusion' reached by the agency." *Dana Container, Inc. v. Sec'y of Labor*, 847 F.3d 495, 499 (7th Cir. 2017) (quoting *Zero Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654, 668 (7th Cir. 2016)). In reviewing either the Board's legal conclusions or the Boards factual findings, "the scope of review is 'narrow and a court must not substitute its judgment for that of the agency.'" *Orchard Hill Bldg. Co. v. U.S. Army Corps of Eng'rs*, 893 F.3d 1017, 1024 (7th Cir. 2018)

(quoting *Abraham Lincoln Mem'l Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012)).

The Board's decision regarding whether to equitably toll the time period for filing a petition for review with the Board should be reviewed for abuse of discretion. *Cf. Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018) (noting in the context of motion to vacate conviction that "'We review the decision to deny equitable tolling for an abuse of discretion.'") (quoting *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013))).

## B.    The Board correctly concluded that Madison's Petition for Review was untimely filed

A party seeking review of a decision of an ALJ must file a written petition for review with the Board within 14 days of the date of the decision of the ALJ. 29 C.F.R. 1987.110(a). If no timely petition for review is filed with the Board, the ALJ's decision in the case becomes a final order of the Secretary that is not subject to judicial review. 29 C.F.R. 1987.109(e), .110(b).

In this case, the limitations period began to run when the ALJ entered his decision on November 22, 2017. *See* 29 C.F.R. 1987.110(a). Madison did not file her petition for review with the Board until December 17, 2017—25 days after the ALJ's decision was entered.

14

Madison argues that the Board misconstrued the filing period by regarding the time for filing a petition for review with the Board as running from the November 22, 2017 date of the ALJ's decision. In her view, the ALJ's decision could not be regarded as issued until it was served by U.S. Mail to the current address that her attorney had provided to OALJ.[3] However, Madison received notice on December 1, 2017 that the decision had been mailed to the correct address. Thus, even under Madison's theory, the latest that the time period for the petition for review began to run was on December 1, 2017.[4] Madison's counsel did not file the petition for review with the Board until 16 days after he received notice that the decision had been issued and mailed to him.

---

[3] Madison cites several OALJ rules in support of her argument. Pet'r's Br. 20. However, the OALJ rules were amended effective June 18, 2015. Madison's citations are to the pre-amendment version of the rules and the operative language of the rules has changed. In particular, the language in the former 29 C.F.R. 18.4 regarding the date of the entry of the ALJ's order cited in Madison's brief no longer exists. The new rules are available at https://www.oalj.dol.gov/LIBRULES.HTM.

[4] Madison asserts that the OALJ's defective service deprived her of due process. *See* Pet'r's Br. 18-24. In particular, Madison makes much of the OALJ's failure to update the date on the certificate of service when it sent the decision to Madison's counsel on December 1, 2017. However, this oversight is at most harmless error because there is ample evidence in the record that the decision was mailed to the correct address on or before that date. Madison's due process arguments also were implicitly addressed and resolved by the Board's finding that Madison's counsel received reasonable notice of the ALJ's decision. S.A. § VI, at SA-18. Thus, Madison has no colorable argument that she was denied due process.

**C.      The Board acted within its discretion in holding that equitable tolling was not warranted**

Because the FSMA's limitations period is not jurisdictional, it is subject to equitable tolling. *See Tilden v. Comm'r of Internal Revenue*, 846 F.3d 882, 886 (7th Cir. 2017). Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014) (citations omitted). Generally, the plaintiff bears the burden to establish that (1) she "diligently" pursued her claim; and (2) "some extraordinary circumstances" prevented her from timely filing her complaint. *Blanche*, 811 F.3d at 962 (*citing Credit Suisse Secs. (USA) LLC*, 566 U.S. at 227). Furthermore, this Court has made clear that this form of relief "will rarely be available when a claimant can obtain an extension of time for complying with a deadline." *Yuan Gao*, 519 F.3d at 377. If equitable tolling applies, the time during which the petitioner diligently pursued his rights and during which extraordinary circumstances prevented him from timely filing is not counted towards the statute of limitations. *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015).

In this Circuit, equitable tolling is granted "sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d

16

922, 930 (7th Cir. 2015) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)). The Board applies a similar standard. In its February 15, 2018 Final Decision and Order Dismissing Untimely Appeal, the Board described four situations in which it has recognized that equitable tolling may apply: "(1) when the defendant has actively misled the plaintiff regarding the cause of action; (2) when the plaintiff has in some extraordinary way been prevented from filing his action; (3) when the plaintiff has raised the precise statutory claim in issue but has done so in the wrong forum, and (4) where the defendant's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights." *Madison*, 2018 WL 2927681, at *1 (*citing Aurora Flight Scis.*, 2011 WL 387982, at *3). The Board acknowledged that the list was not exhaustive.

Equitable tolling is inappropriate in this case under either of the standards articulated by the Board and this Court. As an initial matter, Madison in her brief failed to argue that equitable tolling applies to her case and failed to ask this Court to make such a finding. *See* Pet'r's Br. 32. Instead, Madison appears to focus on arguing that her appeal was timely, that the Board misconstrued the applicable deadline, and that her counsel could not possibly have received timely notice of the 14-day deadline. Indeed, she appears to concede that her counsel did not exercise due diligence and take action to preserve her appeal rights. *See* Pet'r's Br. 14. ("Assuming, arguendo that Madison's counsel had 'exercised due diligence' and

17

reached out to the ALJ's office after receiving/reading the email there is no guarantee that he would have received the order much sooner than he did . . . .").

Thus, Madison's brief does not directly address whether extraordinary circumstances prevented her from timely filing her petition. This is because no such circumstances exist. In her response to the Board's Order to Show Cause, Madison argued that the OALJ's incorrect service of the decision constituted an "extraordinary circumstance." *Madison*, 2018 WL 2927681, at \*2. Consistent with Circuit precedent, the Board found that "'extraordinary circumstances' is a very high standard that is satisfied only in cases in which even the exercise of diligence would not have resulted in timely filing." *Madison*, 2018 WL 2927681, at \*2 (*citing Romero v. Coca Cola Co.*, ARB No. 10-095, 2010 WL 3910348, at \*3 (ARB Sept. 30, 2010)); *see also Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 931 ("The doctrine applies 'when the plaintiff, exercising due diligence, was unable to discover evidence vital to a claim until after the statute of limitations expired.'") (quoting *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 752 (7th Cir. 2014)). And when a diligent litigant would have learned all the facts that he would need in order to be able to file his claim while time remains in the limitations period, he must file it before the period ends. *Yuan Gao*, 519 F.3d at 378 (*citing Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990)). The Board correctly found that Madison's counsel learned that a decision was

rendered in the matter no later than December 1, 2017 and that, at that point, Madison had five days to obtain a copy of the decision and either request an extension of time to file her petition or to timely file her petition.[5] Thus, she was not entitled to equitable tolling. S.A. § VI, at SA-18. *Id.*

Madison contends that it was impossible to discover the 14-day filing deadline until her counsel received the ALJ's order by mail. This contention is misplaced. Certainly, Madison's counsel could have discovered the 14-day deadline if he had requested a copy of the decision from the OALJ's clerk. Madison's counsel had previously obtained courtesy copies of documents from the OALJ clerk that he had not yet received in the mail. For example, on August 21, 2017, Madison's counsel wrote to Ms. Cook requesting a faxed copy of the ALJ's August 16, 2017 Order Denying Respondent's Motion for Summary Decision.

---

[5] Madison argues that filing a petition for review with the Board without having received the ALJ's decision by mail is impossible because of the Board rules that require the petitioner to state with specificity the grounds for appeal. *See* Pet'r's Br. 17. In making this assertion, Madison does not acknowledge that, had her counsel requested an extension to permit him to file the petition for review that stated the grounds for review, that request likely would have been granted. *See* R.A. § II, at RA-9; *see* Procedures for Handling Retaliation Complaints Under Section 402 of the FDA Food Safety Modernization Act, 81 Fed. Reg. 22,530-01, 22,536 (Apr. 18, 2016) ("parties may file a motion for extension of time to appeal an ALJ's decision, and the ARB has discretion to grant such extensions"); *see also Gray v. DAL Glob.*, ARB No. 10-122, 2010 WL 3448546, at *1 (ARB Aug. 31, 2010) (noting the Board's grant of 10-day extension for filing petition for review).

19

S.A. § XII, at SA-85. Nothing prevented him from requesting a copy of the decision in this instance.

Similarly, Madison's suggestion (Pet'r's Br. 17) that her counsel could not have learned of the 14-day filing deadline in the Department's rules is disingenuous. Madison's counsel was well aware that the rules at 29 C.F.R. Part 1987 applied to his client's claim under the FSMA: he extensively cited those rules and the preamble to those rules in a Statement of Issues, Position and Authority filed days before the ALJ issued the decision. Suppl. App. 9-10. Even a cursory glance at 29 C.F.R. Part 1987 should have alerted him that those provisions would contain information relevant to appealing the ALJ's decision in this matter to the Board. 29 C.F.R. 1987.100(b) ("The rules in this part, together with those codified at 29 CFR part 18, set forth the procedures under section 1012 of the FD&C for submission of complaints, investigations, issuance of findings and preliminary orders, objections to findings and orders, litigation before administrative law judges, post-hearing administrative review, and withdrawals and settlements"); *see generally* 29 C.F.R. 1987.109, .110 (titled "Decisions and Orders of the ALJ" and "Decisions and Orders of the Administrative Review Board"); *see also* Procedures for Handling Retaliation Complaints Under Section 402 of the FDA Food Safety Modernization Act, 81 Fed. Reg. 22,530-01 (Apr. 18, 2016) (stating in the introductory summary that "[t]his rule . . . establishes the final procedures and time

20

frames for the handling of retaliation complaints under FSMA, including procedures and time frames for . . . review of ALJ decisions by the Administrative Review Board (ARB) . . .”). Thus, Madison's counsel easily could have discovered the 14-day deadline.

The Board found that “Madison's counsel was informed no later than December 1, 2017, that the ALJ had issued his decision.” *Madison*, 2018 WL 2927681, at *2. Precedent is clear that plaintiffs are charged with “knowledge that there are such things as statutes of limitations”, that it behooves the plaintiff's lawyer to ascertain what the applicable statute of limitations is, and that the remedy for a lawyer's failure is a lawsuit for legal malpractice, not equitable tolling. *Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013). Equitable tolling, then, “cannot be premised on the incompetence of the plaintiff's lawyer.” *Id.* at 835.

Even assuming, arguendo, that the OALJ's error in mailing the decision to the incorrect address was an extraordinary circumstance that would warrant tolling the statute of limitations, Madison's Petition for Review would still be untimely. Equitable tolling only applies to the period of time during which the petitioner diligently pursued his rights and during which the extraordinary circumstances prevented her from filing. *Gladney*, 799 F.3d at 895. The incorrect service only prevented Madison's counsel from finding out that a decision had been rendered

until December 1, 2017. Madison, however, still failed to file within 14 days of this date: her Petition for Review was filed 16 days later, on December 17, 2017. S.A. § IX at SA-40.

Madison has not demonstrated that she is entitled to equitable tolling. As the Board found (and as Madison appears to concede), her counsel failed to demonstrate due diligence in obtaining a copy of the ALJ's November 22, 2017. Madison's counsel had engaged in e-mail communication on at least one prior occasion and the OALJ was responsive. *See* S.A. § XII, at SA-85. On December 1, 2017, however, Madison's counsel opted to wait for the second copy of the decision to arrive by U.S. Mail, taking no action until 25 days after the decision was rendered. S.A. § IX at SA-40. This reason alone means the Board did not err in concluding that the 14-day statute of limitations should not be tolled. Since "a plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information", the Board properly concluded that, even if Madison was entitled to equitable tolling, the clock began running anew when Madison's counsel was informed on December 1, 2017 that a decision was rendered in the case. *Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 931 (quoting *Baxter Healthcare Corp.*, 920 F.2d at 450).

While Madison's counsel possessed all the necessary information needed to ascertain the filing deadline on December 1, 2017, he did not exercise due diligence in pursuing Madison's claim after learning that the ALJ had rendered a decision during the five days that remained before the filing deadline. The Board did not err when it refused to equitably toll the time for Madison to file her petition for review and, consequently, properly dismissed her petition for review as untimely.

## CONCLUSION

This Court should affirm the Board's dismissal of Madison's petition for review as untimely because it was filed outside of the 14-day limitations period set forth in the FSMA, and because Madison failed to articulate any legitimate basis for equitable tolling of that deadline.

Dated:    October 9, 2018           Respectfully submitted,
               Washington, D.C.

KATE S. O'SCANNLAIN
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

WILLIAM C. LESSER
Deputy Associate Solicitor

MEGAN E. GUENTHER
Counsel for Whistleblower Programs

BY:    */s/ Rosemary Almonte*
ROSEMARY ALMONTE
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave, NW, N-2716
Washington, DC 20210
Phone: (646) 264-3699
Fax: (646) 264-3660/70
E-Mail: almonte.rosemary@dol.gov

*Counsel for Respondent*

24

CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 5,906 words. This brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated:          October 9, 2018               */s/ Rosemary Almonte*
                Washington, D.C.              Rosemary Almonte
                                              Attorney

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2018, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Seventh

Circuit by using the appellate CM/ECF system. I certify that all participants in the

case are registered CM/ECF users and that service will be accomplished by the

CM/ECF system.

*/s/ Rosemary Almonte*
ROSEMARY ALMONTE
Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave, NW, N-2716
Washington, DC 20210
Phone: (646) 264-3699
Fax: (646) 264-3660/70
E-Mail: almonte.rosemary@dol.gov