In the

# United States Court of Appeals

## For the Seventh Circuit



CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 18-1800

MARY MADISON,

*Petitioner,*

*v.*

UNITED STATES DEPARTMENT OF
LABOR, ADMINISTRATIVE REVIEW
BOARD,

*Respondent.*

———————————

Petition for Review of an
Order of the United States Department of Labor
No. 2016-FDA-004

———————————

ARGUED NOVEMBER 28, 2018 — DECIDED MAY 24,2019

———————————

Before ROVNER, HAMILTON, and BRENNAN, *Circuit Judges*.

ROVNER, *Circuit Judge.* Following her discharge from Kenco
Logistics ("Kenco"), Mary Madison filed a complaint with the
Occupational Safety and Health Administration ("OSHA")
charging that she was terminated in retaliation for engaging in

protected activity. OSHA dismissed her complaint, and in a subsequent de novo proceeding conducted at Madison's request, an administrative law judge ("ALJ") entered a summary decision against her. Madison asked the Department of Labor's Administrative Review Board ("ARB" or the "Board") to review the ALJ's decision, but the Board dismissed her appeal as untimely. Madison now seeks review in this court. Finding no error in the Board's decision as to the timeliness of Madison's appeal to the Board, we deny the petition for review.

## I.

Kenco employed Madison as a quality engineer from May 13, 2013 until August 9, 2013, when it discharged her. Kenco provided warehousing services to Mars, Inc., a global manufacturer of candy and other food products. Madison alleges that her discharge was the culmination of a series of adverse employment actions the company took against her in retaliation for the food safety concerns she had raised with her superiors.

Shortly after her termination, Madison filed a complaint with OSHA under section 402 of the FDA Food Safety Modernization Act ("FSMA"), which in relevant part gives whistleblower protection to employees of firms "engaged in the manufacture, processing, packing, transporting, distribution, reception, holding, or importation of food." 21 U.S.C. § 399d(a); *see also id.* § 399d(b)(1) (authorizing employee subject to retaliation for lawful whistleblowing to file complaint with Secretary of Labor); Secretary of Labor Order No. 1-2012 (Jan. 18, 2012), 77 Fed. Reg. 3912-01, 2012 WL 194561 (Jan. 25, 2012)

(delegating authority to receive and investigate such complaints to Assistant Secretary of Labor for Occupational Safety and Health); 29 C.F.R. § 1987.105(a) (providing that after investigation, Assistant Secretary of Labor will enter written findings as to whether there is reasonable cause to believe retaliation has occurred and, if so, will issue preliminary order granting relief to complainant). In February 2016, an OSHA investigator dismissed Madison's complaint.

As was her right, Madison requested a de novo hearing before an ALJ. *See* 29 C.F.R. § 1987.106(a). Kenco filed a motion asking the ALJ to enter a summary decision resolving the case in its favor. After initially denying the motion, the ALJ granted Kenco's motion to reconsider and entered a detailed summary decision in Kenco's favor. Sep. App. 50–76.[1] In view of the facts as to which there was no dispute, the ALJ agreed that Kenco had legitimate, non-discriminatory reasons for firing Madison and indeed would have discharged her regardless of whether she had engaged in activity protect by the FSMA. The ALJ issued that order on November 22, 2017. Sep. App. 65–74.

Madison had 14 days from the date of the ALJ's decision to petition for discretionary review by the ARB of the ALJ's decision against her. 29 C.F.R. § 1987.110(a). A notice of appeal rights set forth on the final pages of the ALJ's decision expressly admonished Madison and her counsel of the deadline

---

[1]  Citations to "Sep. App." are to the separate appendix Madison has filed in support of her petition for review, and citations to "App." are to the required appendix appended to her opening brief. The documents included in these two appendices incorporate the relevant portions of the administrative record.

for such a petition. Sep. App. 74. Filing such a petition is a pre-condition to seeking judicial review of the Secretary's action. *See id.* §§ 1987.109(e), 1987.110(b). Thus, if a timely petition for review is not filed with the Board, the ALJ's decision becomes the final decision of the Secretary on the merits of the case and is not subject to judicial review. 29 C.F.R. §§ 1987.109(e), 1987.110(b).

A paralegal specialist at the Department of Labor's Office of Administrative Law Judges mailed a copy of the ALJ's November 22nd decision to Madison's counsel, Jordan T. Hoffman, but to Hoffman's former rather than current address. As of that date, Hoffman had not yet filed a formal change of address notice with the ALJ's office—he would subsequently do so in January 2018—but there is no dispute that the ALJ's paralegal nonetheless was in possession of his current address. The mis-addressed envelope was returned to the ALJ's office as undeliverable, as was a copy of the decision that had been mailed to Kenco itself. On return of the copy sent to attorney Hoffman, the paralegal re-mailed another copy of the decision to his correct address on December 1, 2017. She also sent an email that same day to Kenco's counsel, Julia P. Argentieri, noting the return of the copy mailed to Kenco and soliciting the company's correct address:

> I know the parties already have an electronic decision on the above matter, but we received the hard copy back for Kenco Logistics.
>
> Could you please provide me with their new address?

> I also received the hard copy back addressed to Mr.
> Hoffman (his old address) so I sent another hard
> copy to his new address.

Sep. App. 33. Hoffman was copied on that email, but to an incorrect email address, so he did not receive it. However, Kenco's counsel Argentieri promptly responded to the paralegal's email with a correctly-addressed copy to Hoffman. Sep. App. 32. As that response included the history, a review of the email would have disclosed the paralegal's inquiry and her reference to a decision having been rendered in the case. We note, however, that the paralegal's representation that the parties "already have" an electronic copy of the decision appears to have been incorrect. Madison had not consented to electronic service of the ALJ's orders,[2] and the record does not otherwise indicate that Madison and her counsel had in fact received electronic copies of the decision.

Hoffman has represented that he did not see this email exchange until weeks later, after he had already filed Madison's petition for review with the Board. Why he did not see the email sooner has not been explained to us.

Hoffman's office received the second, correctly-addressed copy of the ALJ's order on December 6 (the 14th day following the ALJ's November 22nd order), and he represents that he first saw it on December 7. By that time, of course, the period

---

[2]   Moreover, a prior order of the ALJ had noted that neither party had requested or received permission to file documents electronically or via facsimile, and the ALJ had thus admonished the parties that they should file all future correspondence with the Office of Administrative Law Judges in writing. Sep. App. 89.

for seeking review by the Board had expired. Madison filed her petition for review with the Board ten days later, on December 17, 2017. Prior to filing the petition, Hoffman did not file a motion asking for an extension of time in which to do so, nor (so far as the record reveals), did he make any other effort to contact the Board to advise them that he had not received a copy of the ALJ's order until December 6.

On receipt of the petition for review, the Board issued an order directing Madison to show cause why the petition should not be dismissed as untimely. App. 14. The Board's order acknowledged that the 14-day appeals period is not jurisdictional and was subject to equitable modification; the order also referred to the four principal situations in which equitable modification of the time limit might be warranted. App. 15.

Madison filed a response to the order to show cause in which she argued that the original service of the ALJ's order was defective because it was sent to her counsel at an incorrect address, and that her appeal should be deemed timely because it was filed within 14 days of her counsel's receipt of the second, correctly-addressed mailing of the ALJ's order. Sep. App. 29–30. Madison attached the email correspondence between the paralegal and Kenco's counsel indicating that the first mailing to Hoffman had been returned as undeliverable. She noted that the ALJ's office was in possession of Hoffman's current mailing address. The response also indicated that Madison herself had been out of town for an extended period when the copies of the ALJ's order were mailed such that she herself was unaware of the ALJ's decision. Sep. App. 29–30.

On review of Madison's response to the order to show cause (and Kenco's own response), the ARB dismissed her appeal as untimely. App. 7–10. The Board was not convinced that Madison had demonstrated the presence of extraordinary circumstances that warranted exercise of the Board's discretion to equitably toll the 14-day deadline for her appeal. Extraordinary circumstances, the Board noted, are typically those in which a timely filing would not have occurred even in the exercise of due diligence. App. 9. Although the Board acknowledged that Madison's counsel had not received the mailed copy of the ALJ's decision until December 6, it pointed out that Hoffman had notice by way of the December 1 email exchange that the ALJ had rendered a decision. At that point, five days remained of the 14 following the ALJ's November 22nd decision, yet Hoffman pursued neither of the two options available to him at that point in time: filing a petition for review, or moving for an extension of time in which to do so. App. 9.

> Instead, he unilaterally decided, without consulting the Board, that (1) Madison was entitled to toll the due date for filing because the original decision was sent to the wrong address, and (2) that he had fourteen days from the date he received the decision, rather than fourteen days from the date the ALJ issued it, to file the petition. Counsel was incorrect on both counts. Had Madison's counsel contacted the Board and explained the reasons for requiring an enlargement of time, it is likely that the Board would have granted that request, but he

> failed to ask for such an enlargement and thereby
> has failed to establish due diligence.

App. 9 (footnote omitted). Although these were Hoffman's acts and omissions rather than Madison's, the Board noted that attorney error ordinarily does not amount to an extraordinary circumstance warranting equitable relief, as clients are accountable for the acts and omissions of their lawyers. App. 9.

Madison asked the Board to reconsider the dismissal of her appeal. Sep. App. 13–16. She noted first that although her attorney was copied on the December 1 email exchange between the ALJ's paralegal and Kenco's counsel, Hoffman did not actually have knowledge of the ALJ's decision as of that date. Sep. App. 13–14. She emphasized that the December 1 email exchange neither included an electronic copy of the ALJ's decision nor discussed the ALJ's disposition of the case. Thus, not until Hoffman received the (second) mailed copy of the decision on December 6 and reviewed it on December 7 could he have known precisely what the ALJ decided. By that time, the 14-day window in which to appeal the ALJ's November 22nd ruling, as well as the time in which to request an extension of time, had expired. "Having received the documents after the expiration ought to be an exceptional circumstance to qualify for equitable tolling and if not that at least a waiver of the initial 14 day period," she argued. Sep. App. 15.

The Board denied reconsideration. App. 1–3. The Board explained that its refusal to grant Madison the benefit of equitable tolling was premised not on the notion that Madison's counsel had actually read the ALJ's decision on December 1, when he was copied on the email exchange between the

ALJ's paralegal and Kenco's counsel, but rather on the notion that Hoffman was on notice as of that date that the ALJ had rendered a decision.

> Having notice that the Administrative Law Judge had issued "**the decision**," an attorney, exercising the necessary due diligence and knowing of the 14-day deadline for filing a petition for review, would not simply have waited around hoping for the decision to be delivered in time for the filing of a timely petition. Instead, he would have contacted the Judge and requested a copy of the decision. Madison's counsel failed to do so, and thus, failed to act with due diligence.

App. 2 (emphasis in original). The Board added that Madison had failed to address an alternative ground for its decision (which had been pressed by Kenco and acknowledged in the Board's dismissal decision)—namely, that Madison had failed to file her petition for review within 14 days of the date on which the ALJ's clerk had mailed a second copy of the decision to Hoffman. App. 2.

## II.

Under the Administrative Procedure Act ("APA"), we will sustain the Board's decision so long as it is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The decision to dismiss Madison's intra-agency appeal is one that we will sustain so long as it is not arbitrary and capricious. *See Sparre v. U.S. Dep't of Labor*, — F.3d —, 2019 WL 2064060, at *2 (7th Cir. May 10, 2019). The scope of our review in this regard is narrow, and we

must not substitute our judgment for that of the agency. *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513, 129 S. Ct. 1800, 1810 (2009); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 2866 (1983); *Orchard Hill Bldg. Co. v. U.S. Army Corps of Eng'rs*, 893 F.3d 1017, 1024 (7th Cir. 2018). The agency's obligation is to examine the relevant evidence and articulate a satisfactory rationale for its action that draws a rational connection between the underlying facts and the outcome. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43, 103 S. Ct. at 2866.

As the Board recognized and the government agrees, the 14-day time limit on filing a petition for review with the Board is not jurisdictional and consequently is subject to equitable tolling. *See Sparre*, 2019 WL 2064060, at *3; DOL Br. 16. Whether or not to grant a litigant the benefit of equitable tolling requires an agency to weigh intangible factors specific to the individual case, *Johnson v. Mukasey*, 546 F.3d 403, 405 (7th Cir. 2008), *abrogated on other grounds by Kucana v. Holder*, 558 U.S. 233, 237, 130 S. Ct. 827, 831 (2010), and in accordance with the terms of the APA, we therefore review the Board's decision to deny Madison the benefit of equitable tolling for abuse of discretion. *Sparre*, 2019 WL 2064060, at *2; *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007).

As relevant here, equitable tolling "pauses the running of, or 'tolls' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 527 U.S. 1, 10, 134 S. Ct. 1224, 1231–32 (2014); *see Sparre*, 2019 WL 2064060, at *3. It is the burden of the litigant who invokes

equitable tolling to establish each of these two elements: diligence in the pursuit of her rights and the existence of an extraordinary circumstance that nonetheless stood in the way of her making a timely filing. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (citing *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010). Where equitable tolling applies, it applies only so long as the petitioner was diligently pursuing his rights and extraordinary circumstances prevented him from making a timely filing; it is that amount of time which is not counted toward the relevant time limit. *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). Given the compelling showing that is required to successfully invoke equitable tolling and to show that an agency abused its discretion, it will be the rare case in which we will find that an agency's refusal to equitably toll a time limit was out of bounds. *Johnson v. Gonzales*, 478 F.3d at 799. This is not one of those cases.

We need not decide whether the agency's mistake in directing the initial mailing of the ALJ's decision to counsel's former address amounts to an extraordinary circumstance which stood in the path of Madison's pursuit of her rights. The responsibility for that error arguably lay with Hoffman, who had not (yet) filed a formal change of address notice with the ALJ's office. At the same time, there is no dispute that the ALJ's paralegal was aware of Hoffman's new address and indeed sent the second copy of the ALJ's decision to that address without having to be asked to do so, once the original copy was returned as undeliverable. We may therefore give Madison the benefit of the doubt on this point and assume, solely for the sake of argument, that the responsibility for the error

belonged to the ALJ's office, and that the misdirected mailing prevented Madison from filing an appeal. Madison had not consented to electronic service of the ALJ's orders, so she and her counsel were depending on service by mail to apprise her counsel of the ALJ's decision. Thus, when the first copy of the ALJ's decision was mailed to the wrong address, Hoffman was left in the dark as to the fact that the ALJ had ruled on the merits of the case and the clock was ticking on his client's right to appeal. But even with the benefit of this generous assumption, Madison cannot show that the Board abused its discretion in refusing to equitably toll the statutory appeals period long enough to deem her appeal timely. Subsequent events removed any obstacle that arguably may have prevented her from filing a timely appeal.

As of December 1, the circumstances changed materially, and not just because the ALJ's paralegal on that date directed a second copy of the ALJ's decision to the correct mailing address for Hoffman. On that same day, the paralegal sent an email to counsel for both parties in which she noted, among other things, that the copies of the decision sent to both Kenco and Hoffman had been returned and that she had mailed another copy of the decision to Hoffman's current address. The paralegal used an incorrect email address for Hoffman on that email, but in replying to the paralegal (with history), Kenco's counsel, Argentieri, corrected that error so that Hoffman would see both the paralegal's email and Argentieri's reply. There is no dispute that Hoffman received Argentieri's email; and by virtue of that electronic correspondence, Hoffman was on notice there had been a decision by the ALJ, with time enough left to take appropriate action in the exercise of

diligence to preserve Madison's appellate rights. True, the email exchange did not reveal what the ALJ had ruled upon or how the ALJ had ruled. But Hoffman was nonetheless on notice that a decision had been issued, and by virtue of Kenco's pending motion to reconsider the denial of its request for a summary decision, it was foreseeable to Hoffman that the ALJ might have granted that motion. As the Board pointed out, with the benefit of that notice, Hoffman had two options open to him within the five days remaining in the 14-day appeals window. He could have (a) requested that the paralegal send him another copy of the ALJ's decision by email or fax (as the record reflects he had done in the past, *see* Sep. App. 85–86) and prepared a timely petition for review, or (b) immediately filed a motion to extend the 14-day time for lodging an appeal to the Board. In short, the notice provided by the email exchange removed the obstacle that had prevented Madison from diligently pursuing her appellate rights.

As we have noted, Hoffman represents that he did not actually see the December 1 email exchange until weeks later, after he had already received a copy of the ALJ's decision in the mail and filed the (untimely) petition for review on Madison's behalf. It is not apparent why he did not see the email sooner; but in any event, this was a matter that was within Hoffman's control. Today, courts and agencies routinely communicate with counsel electronically, and attorneys likewise communicate with one another via email. Even where, as here, a party has not consented to electronic service of agency orders, counsel can foresee that there may be electronic correspondence from both the agency and opposing counsel in the course of the case, and he can be expected to check (or have

someone in his office monitor) his email on a regular basis to keep abreast of developments in litigation. The record reflects that Hoffman had previously exchanged emails with the ALJ's paralegal regarding a prior order issued in the proceeding. Sep. App. 85–86. Had he, or someone in his office, checked his email and looked at the December 1 exchange between the paralegal and Kenco's counsel, Hoffman would have known that there was a need to act. It was therefore entirely reasonable for the Board to rely on December 1 as a point at which due diligence would have required Hoffman to take affirmative action to obtain a copy of the ALJ's order and to preserve his client's appellate rights. And yet Hoffman took no immediate action to lodge an appeal or request an extension of time. *See Yuan Gao v. Mukasey*, 519 F.3d 376, 378 (7th Cir. 2008) ("a litigant who learns, or had he been diligent would have learned, all the facts he would need in order to be able to file his claim while time remained in the limitations period, must file it *before* the period ends") (emphasis in original) (collecting cases).

Even if we were to ignore the December 1 email exchange altogether, the record still would not support the notion that Hoffman acted with appropriate diligence. As we have assumed *arguendo*, in view of the mis-addressed first mailing, Madison and Hoffman were prevented from taking action in pursuit of her appellate rights *until* such time as the paralegal sent a second copy of the ALJ's decision to Hoffman's current address. Madison was arguably entitled to equitable tolling of the 14-day appeals period for that length of time. But, once the second copy was mailed to Hoffman's correct address, there was no longer an obstacle preventing Hoffman and Madison

from pursuing her appellate rights. She could be expected to file an appeal (or a request for extension of time) within the ensuing 14 days, just as she would have been had the decision been mailed to the correct address in the first instance. Again, she did not. Hoffman's office received the second mailed copy on December 6 and he saw it on December 7. At that point, he had another eight days to take action under the tolled appeals period beginning on December 1. But he took no action during that time, and waited until December 17, a full ten days later, to file a notice of appeal. As the Board suggested, it appears from Madison's response to the rule to show cause that Hoffman was operating on the assumption that he had 14 days to file an appeal commencing on the date he *received* the mailed copy of the ALJ's decision to appeal, rather than the date the copy was *mailed*. That was both a misunderstanding of applicable rules and contrary to the notice of appeal rights included in the ALJ's decision; and the responsibility for that error lies with Hoffman (and by extension, Madison) rather than the Department of Labor. *See Sparre*, 2019 WL 2064060, at *3.

In short, while Madison arguably may have been prevented from doing anything in pursuit of her appellate rights prior to December 1, the second mailing on that date and the email correspondence on the same day removed the obstacle. After that point, Madison's counsel could be expected in the exercise of due diligence to take action more quickly than he did. Timely review of the email would have permitted Hoffman to obtain quick access to the ALJ's order and to pursue a timely appeal. Even granting Madison the benefit of limited equitable tolling from November 22 to December 1, her counsel still failed to act with appropriate dispatch. His 10-day delay in

filing the petition for review after he had received and re-
viewed the mailed copy of the ALJ's decision on December 6
is inconsistent with due diligence.

### III.

The Board did not abuse its discretion in declining to
equitably toll the appeals deadline so as to deem Madison's
belated appeal timely, given the lack of due diligence on the
part of her counsel. The decision to dismiss her appeal as
untimely was therefore not arbitrary and capricious. We DENY
the petition for review and AFFIRM the Board's dismissal of
her intra-agency appeal as untimely.